# Illinois Official Reports

## Appellate Court

---

### *People v. Buchanan*, 2019 IL App (2d) 180194

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT BUCHANAN JR., Defendant-Appellant. |
| District & No. | Second District<br>No. 2-18-0194 |
| Filed | December 17, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No 02-CF-3794; the Hon. George D. Strickland, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Christopher M. McCoy, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, David J. Robinson, and Edward R. Psenicka, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justice Jorgensen concurred in the judgment and opinion.<br>Justice Hudson specially concurred, with opinion. |

¶ 1    Defendant, Robert Buchanan Jr., was convicted of first degree murder (720 ILCS 5/9-1(a)(2) (West 2002)) and sentenced to life imprisonment. Many years later, he filed a petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), alleging that his conviction and sentence were void for lack of jurisdiction because the trial judge was an associate judge who, pursuant to Illinois Supreme Court Rule 295 (eff. May 28, 1975), was unauthorized to hear his case. The trial court dismissed the petition. Defendant timely appealed, and the trial court appointed the Office of the State Appellate Defender (OSAD).

¶ 2    Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), OSAD moves to withdraw as counsel. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts, a potential issue, and an argument why that issue lacks arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant did not respond.

¶ 3    Counsel asserts that the trial court properly dismissed defendant's petition. We agree.

¶ 4    As counsel observes, the record refutes defendant's claim that the trial judge was unauthorized to hear his case. In any event, in a criminal case, a trial court derives its jurisdiction from the constitution, not from a supreme court rule. See generally *People v. Castleberry*, 2015 IL 116916. Thus, any violation of Rule 295 would not have divested the trial court of jurisdiction or made its judgment void.

¶ 5    We hasten to add, however, that OSAD should have moved to withdraw not under *Finley* and *Lee*, but on the ground that the trial court erred in appointing it. Section 10(a) of the State Appellate Defender Act (725 ILCS 105/10(a) (West 2016)) "clearly limits appointment of [OSAD] to appeals from criminal and delinquent minor proceedings" (*Alexander v. Pearson*, 354 Ill. App. 3d 643, 646 (2004)). Accordingly, a trial court has no authority to appoint OSAD to an appeal from a civil proceeding. See *id.* at 647 (*habeas corpus*). "[A]n action brought under section 2-1401 is a civil proceeding *** even when it is used to challenge a criminal conviction or sentence." *People v. Vincent*, 226 Ill. 2d 1, 6 (2007). Thus, here, there was no statutory ground for the trial court's appointment of OSAD, which should have moved to withdraw on that basis. In light of the "tremendous workload faced by OSAD" and the oft-repeated concerns about the resulting delays (*People v. Cisco*, 2019 IL App (4th) 160515, ¶ 46), OSAD should ensure that it allocates its scarce resources only to appeals to which it is validly appointed.

¶ 6    After examining the record, the motion to withdraw, and the memorandum of law, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Lake County.

¶ 7    Affirmed.

¶ 8    JUSTICE HUDSON, specially concurring:

¶ 9    I concur only in the result reached by the majority opinion.