NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200238-U

NO. 4-20-0238

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 17, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| THOMAS R. JAMES, | ) | No. 02CF850 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Holder White and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment.

¶ 2    On March 23, 2020, defendant Thomas R. James filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West 2018)).  On April 23, 2020, the trial court *sua sponte* dismissed defendant's petition.

¶ 3    On appeal, the Office of the State Appellate Defender (OSAD), which was appointed to represent defendant on appeal, moves to withdraw its representation of defendant pursuant to Illinois law, contending the appeal is without merit.  This court granted defendant leave to file a response to OSAD's motion to withdraw on or before June 7, 2021.  Defendant failed to do so.  Based on our examination of the record, we conclude, as has OSAD, that the

appeal in this cause is meritless. As a result, we grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                   I. BACKGROUND

¶ 5            In April 2004, following a jury trial, defendant was found guilty of armed robbery (720 ILCS 5/18-2(a)(1) (West 2002)), a Class X offense, for the January 23, 2002, armed robbery of store clerks at a Hobby Lobby store in Champaign.

¶ 6            In May 2004, at defendant's sentencing hearing, the trial court heard information defendant had six prior convictions, one of which was a Class X felony. In addition, Investigator Oscar Gamble of the Urbana Police Department testified he was the lead investigator in a January 30, 2002, armed robbery at a Payless shoe store in Urbana. Defendant had been charged with the offense. An employee's description of the Payless armed robbery was similar to the Hobby Lobby armed robbery at issue in this case. The suspect had on a mask covering his mouth and nose, told a store employee he was armed, and stated he had a terminal illness and nothing to lose. A Payless employee identified defendant as the person who robbed the store in an in-person line-up. Investigator Gamble testified the respective police departments in Mahomet, Champaign, and Danville were investigating other crimes committed in a similar manner.

¶ 7            While explaining the sentence it was imposing, the trial court noted it had considered the testimony presented by the State, comments of counsel, and the comments of defendant. The court also noted it had considered statutory factors in aggravation, including defendant's criminal history and deterrence, and found no statutory factors in mitigation. The court noted Officer Gamble's testimony showed the armed robberies at Hobby Lobby and Payless were nearly identical. According to the court:

"The Defendant's prior history indicates that he has numerous convictions for felony offenses and has served lengthy sentences in the Illinois Department of Corrections beginning in 1971. In 1968[,] it appears he was sent to the Juvenile Department of Corrections.

When the Court looks at the Defendant's record and considers the testimony in this cause, it is apparent, quite frankly, that this Defendant is dangerous. He is incredibly intelligent and given his propensity to commit crime that's what makes him a dangerous individual. He has been convicted on two separate occasions of escape from a penal institution and was subsequently sentenced to imprisonment in those cases. He has been convicted of armed robbery in Vermilion County, and the Defendant has made reference to that case, 02 CF 141, and has now been convicted in Champaign County in 02 CF 850.

Given the fact that the Court is of the opinion that a substantial sentence is necessary to protect the public and act as an appropriate deterrent[,] I will sentence this Defendant to a period of incarceration in the Illinois Department of Corrections. It will be for a period of 30 years. The Defendant will be given credit for 460 days heretofore served in the Champaign County Correctional Center. This sentence will run consecutively with the sentence imposed in 02 CF 141, and the reason for the imposition of the consecutive sentences as I have indicated given the nature of this offense, the history and circumstance of this Defendant, the Court is of the opinion that consecutive sentences are necessary in this case and they do not appear to be mandatory but given everything that's been presented to the Court it is apparent that this Defendant does pose a danger to

society and it is imperative that he be incarcerated for as long as possible."

¶ 8            In defendant's direct appeal, defendant argued he was denied a speedy trial. This court affirmed the trial court's judgment. *People v. James*, No. 4-04-0500 (2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9            On March 23, 2020, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2018)). Although his petition lacks clarity, it appears defendant is arguing his 30-year sentence in this case is unconstitutional because the trial court (1) ordered it to run consecutive to his 32-year sentence in case No. 02-CF-141 and (2) improperly imposed an extended term sentence in this case. Defendant also argues the trial court abused its discretion by imposing this sentence.

¶ 10          On April 23, 2020, the trial court dismissed defendant's petition, stating as follows:

> "The Defendant has filed a petition for relief from judgment on March 23, 2020. In his petition he claims that this court abused its discretion by sentencing him to an extended term for the offense of armed robbery. In this case, his sentence was 30 years to the Illinois Department of Corrections. This sentence was ordered to be served consecutively to his 32 year sentence from Vermilion County.
>
> The Defendant is trying to appeal his sentence through a 2-1401 petition. The Defendant's petition does not state a cause of action. There is no legal basis for the relief requested."

¶ 11          This appeal followed.

¶ 12                                        II. ANALYSIS

- 4 -

¶ 13        "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007).  OSAD argues it cannot make any meritorious argument the trial court erred by dismissing defendant's petition for relief from judgment.

¶ 14        As an initial matter, OSAD cites *People v. Buchanan*, 2019 IL App (2d) 180194, 145 N.E.3d 722, where the appellate court granted OSAD's motion to withdraw as counsel and affirmed the dismissal of the defendant's section 2-1401 petition.  OSAD contends two members of the appellate court panel, in *dicta*, opined OSAD should have sought to withdraw on the basis the trial court had no authority to appoint OSAD to an appeal from a civil proceeding under section 2-1401.  *Buchanan*, 2019 IL App (2d) 180194, ¶ 17.  In this case, OSAD specifically states it does not move to withdraw on the basis the trial court lacked authority to appoint OSAD to this appeal.  Accordingly, we decline to address this basis for withdrawal.

¶ 15        OSAD next contends the trial court's order that defendant's sentence in this case would be served consecutively to his sentence in case No. 02-CF-141 was not improper. According to OSAD, the trial court invoked section 5-8-4 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-8-4 (West 2002)) when it ordered the sentence in this case to run consecutive to the sentence in the other case.  OSAD based its assertion on the trial court's statement imposition of a consecutive sentence was not mandatory in this case but necessary because the court determined—based on the information provided to the court—defendant posed a danger to society and needed to be incarcerated as long as possible.

¶ 16        Section 5-8-4(b) of the Corrections Code (730 ILCS 5/5-8-4(b) (West 2002)

stated in relevant part: "The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." We note the trial court did not explicitly state it was relying on section 5-8-4 of the Corrections Code (730 ILCS 5/5-8-4 (West 2002)). However, OSAD is correct the trial court satisfied the requirements of section 5-8-4 when it imposed a consecutive sentence. As a result, we agree with OSAD that defendant's argument on this issue is meritless.

¶ 17        Further, if defendant is in fact arguing the trial court erred in imposing an extended term sentence in this case, OSAD concludes this argument is meritless because the trial court did not impose an extended term sentence. Again, we agree with OSAD. Defendant was convicted of armed robbery (720 ILCS 5/18-2 (West 2002)), which is a Class X felony with a sentencing range of 6 to 30 years (730 ILCS 5/5-8-1(a)(3) (West 2002)). The court imposed a 30-year sentence on the armed robbery conviction.

¶ 18        As for whether the trial court abused its discretion in imposing the sentence, we note that issue could have been raised on direct appeal. Our supreme court has stated: "A section 2-1401 petition *** is 'not designed to provide a general review of all trial errors nor to substitute for direct appeal.' " *People v. Haynes*, 192 Ill. 2d 437, 461, 737 N.E.2d 169, 182 (2000) (quoting *People v Berland*, 74 Ill. 2d 286, 314, 385 N.E.2d 649, 662 (1978)). As a result, whether the trial court abused its discretion in imposing a lawful sentence is not an issue to be resolved in this section 2-1401 petition.

¶ 19        Finally, OSAD noted it considered whether the trial court violated any procedural rules when it *sua sponte* dismissed defendant's petition. OSAD asserted no violations occurred

because more than 30 days passed between the petition's filing on March 23, 2020, and the trial court's dismissal of the petition on April 23, 2020. See *People v. Matthews*, 2016 IL 118114, ¶ 8, 76 N.E.2d 1233. Again, we agree with OSAD's assessment.

¶ 20                                    III. CONCLUSION

¶ 21            For the reasons stated, we grant OSAD's motion for leave to withdraw as counsel and affirm the trial court's judgment.

¶ 22            Affirmed.