NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (4th) 200444-U

NO. 4-20-0444

IN THE APPELLATE COURT

FILED
January 27, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| WILLIE FREEMAN, | ) | No. 92CF591 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the circuit court's judgment as no issue of arguable merit could be raised on appeal.

¶ 2        Defendant, Willie Freeman, appeals from the circuit court's dismissal of his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). On appeal, defendant's appointed counsel, the Office of the State Appellate Defender (OSAD), moves to withdraw on the basis that any argument suggesting the circuit court erred in dismissing defendant's section 2-1401 petition would be without arguable merit. For the reasons that follow, we grant OSAD's motion and affirm the circuit court's judgment.

¶ 3                                I. BACKGROUND

¶ 4 In 1992, defendant was convicted of armed robbery (Ill. Rev. Stat. 1991, ch. 38, ¶ 18-2(a)) and attempt (first degree murder) (Ill. Rev. Stat. 1991, ch. 38, ¶¶ 8-4(a), 9-1) and sentenced to consecutive 45-year terms of imprisonment. Defendant's convictions and sentence were later affirmed on appeal and survived several collateral attacks. See *People v. Freeman*, No. 4-92-1033 (1993) (unpublished order under Illinois Supreme Court Rule 23) (affirming defendant's convictions and sentence on direct review); *People v. Freeman*, No. 4-96-0484 (1997) (unpublished order under Illinois Supreme Court Rule 23) (affirming the dismissal of defendant's postconviction petition); *People v. Freeman*, No. 4-02-0858 (2004) (unpublished order under Illinois Supreme Court Rule 23) (affirming the dismissal of defendant's section 2-1401 petition); *People v. Freeman*, 2012 IL App (4th) 110039-U (affirming the dismissal of defendant's successive postconviction petition); and *People v. Freeman*, 2020 IL App (4th) 180360-U (affirming the denial of defendant's "Motion for Reconsideration of DNA Test and Speedy Trial and Quash Arrest").

¶ 5 In June 2020, defendant filed the section 2-1401 petition at issue in this appeal. In it, he alleged: (1) his sentence was void for violating the one-act, one-crime doctrine; (2) the indictment failed to apprise him of the possibility of extended-term sentencing; (3) his sentence was the result of an abuse of discretion; and (4) trial counsel was ineffective for not knowing the counts should have merged for purposes of concurrent sentencing.

¶ 6 In August 2020, the circuit court *sua sponte* dismissed defendant's section 2-1401 petition as untimely. The court further found, even if it considered the claims raised in defendant's petition on their merits, they were factually and legally insufficient. Thereafter, defendant filed a notice of appeal, and the court appointed OSAD as defendant's appellate counsel.

¶ 7 This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9            As an initial matter, OSAD acknowledges the existence of a case, *People v. Buchanan*, 2019 IL App (2d) 180194, ¶ 5, 145 N.E.3d 722, which suggests a circuit court has no authority to appoint OSAD as appellate counsel in a case such as the one presently before this court. OSAD contends not only is the suggestion in *Buchanan obiter dictum* that has no precedential value, but it is also a suggestion that should not be followed. Accordingly, OSAD "does not move to withdrawal on such a basis." Because OSAD does not present the purported lack of authority for its appointment as a basis for withdrawal, we need not consider it.

¶ 10           Instead, OSAD seeks to withdraw as counsel on the basis that any argument suggesting the circuit court erred in dismissing defendant's section 2-1401 petition would be without arguable merit. Specifically, OSAD contends, after its review, it determined (1) defendant's petition was ripe for adjudication; (2) defendant's petition is untimely and no exception to the statute of limitations applies; (3) the underlying judgment is not void; and (4) the claims raised in the petition are subject to *res judicata* or insufficiently pled.

¶ 11           OSAD determined defendant's petition was ripe for adjudication. We agree. A section 2-1401 petition is ripe for adjudication after the opposing party has had 30 days to answer. *People v. Carter*, 2015 IL 117709, ¶ 16, 43 N.E.3d 972; *People v. Laugharn*, 233 Ill. 2d 318, 322, 909 N.E.2d 802, 804-05 (2009). Here, the circuit court ruled on defendant's section 2-1401 petition outside the 30-day period for the State to respond.

¶ 12           OSAD determined defendant's petition is untimely and no exception to the statute of limitations applies. We agree. A section 2-1401 petition must be filed not later than two years after the entry of the judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed. *People v. Caballero*, 179 Ill.

2d 205, 210-11, 688 N.E.2d 658, 660-61 (1997). Here, defendant filed his section 2-1401 petition more than 25 years after the underlying judgment was entered. Further, defendant's petition does not allege the delay was due to a legal disability or duress or caused by the ground for relief being fraudulently concealed.

¶ 13        OSAD determined the underlying judgment is not void. We agree. "[A] void judgment may be attacked at any time through a section 2-1401 petition." *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 18. A judgment is void if (1) the court that entered the judgment lacked personal or subject matter jurisdiction or (2) it is based on a facially unconstitutional statute that is void *ab initio*. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32, 43 N.E.3d 984. Here, contrary to the assertion in defendant's section 2-1401 petition, any violation of the one-act, one-crime doctrine does not render a judgment void. *People v. Davis*, 156 Ill. 2d 149, 157-58, 619 N.E.2d 750, 755 (1993); see also *People v. Castleberry*, 2015 IL 116916, ¶ 1, 43 N.E.3d 932 (abolishing the "void sentence rule"). Further, defendant's petition does not allege the circuit court lacked personal or subject matter jurisdiction or the judgment was based on a facially unconstitutional statute that is void *ab initio*.

¶ 14        Without a showing the underlying judgment is void or an exception to the statute of limitations applies, defendant's section 2-1401 petition is untimely, and dismissal is proper. Accordingly, we agree any argument suggesting the circuit court erred in dismissing defendant's section 2-1401 petition would be without arguable merit.

¶ 15                          III. CONCLUSION

¶ 16        We grant OSAD's motion to withdraw as counsel and affirm the circuit court's judgment.

¶ 17        Affirmed.