NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210570-U

NO. 4-21-0570

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 19, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| MARK B. CAMPBELL, | ) | No. 02CF545 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Casey Costigan, |
| | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We grant the motion of the Office of the State Appellate Defender to withdraw as
defendant's appellate counsel and affirm the trial court's dismissal of defendant's
*pro se* postconviction petition.

¶ 2    Defendant, Mark B. Campbell, appeals the trial court's dismissal of his *pro se*
petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code)
(735 ILCS 5/2-1401 (West 2020)). On appeal, defendant's appointed counsel, the Office of the
State Appellate Defender (OSAD), moves to withdraw on the basis any argument suggesting the
circuit court erred in dismissing defendant's section 2-1401 petition would be without arguable
merit. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                  I. BACKGROUND

¶ 4    Following a bench trial in April 2003, the trial court found defendant guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2000)), attempt (first degree murder) (720 ILCS 5/8-4, 9-1 (West 2000)), and armed robbery (720 ILCS 5/18-2(a)(2) (West 2000)). The court sentenced defendant to consecutive terms of 85 years in prison for first degree murder, 20 years for attempt (first degree murder), and 10 years for armed robbery. Defendant appealed, and this court affirmed. *People v. Campbell*, No. 4-03-0733 (2005) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5    In July 2005, defendant filed a *pro se* postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2004)), alleging his constitutional rights were violated in his arrest, trial, conviction, and sentence. He also alleged ineffective assistance of counsel. The trial court dismissed defendant's petition as frivolous and patently without merit under section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2004)). In April 2007, this court affirmed the trial court's judgment and granted OSAD's motion to withdraw. *People v. Campbell*, No. 4-05-0972 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6    In March 2008, defendant filed a *pro se* motion for leave to file a successive postconviction petition. In the attached postconviction petition and amendments filed in September 2008 and April 2009, defendant argued in part issues concerning testing of bullets and a discrepancy in the size of the bullets. He also filed a motion for forensic testing of the bullets, and, in September 2008, filed a second motion for forensic testing. In April 2009, the trial court entered an order striking defendant's successive petition and amendments because he failed to demonstrate cause for his failure to bring his claims in the initial petition. Defendant appealed, and the trial court appointed OSAD as counsel. In June 2010, OSAD moved to withdraw as counsel, asserting

no meritorious issues could be raised on appeal. In December 2010, this court affirmed the trial court's judgment and granted OSAD's motion to withdraw. *People v. Campbell*, No. 4-09-0276 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7 In September 2016, defendant filed a motion for leave to file his third postconviction petition. Defendant attached a proposed postconviction petition, asserting numerous claims for relief. Among those, defendant raised issues concerning the failure of the State to disclose the size and caliber of the bullets and a witness's description of the shooter. Along with his postconviction petition, defendant filed another motion for further forensic testing. Specifically, defendant requested further testing of certain discharged bullets and an unidentified fingerprint admitted into evidence at trial.

¶ 8 On October 12, 2016, the trial court denied defendant's second request to file a successive postconviction petition. The court did not address defendant's motion for further forensic testing. On October 27, 2016, defendant appealed the court's denial of his request for leave to file a successive postconviction petition (case No. 4-16-0808).

¶ 9 Defendant moved to amend the record with ballistic reports showing information about the bullets he alleged were never disclosed and, on November 4, 2016, he sought a hearing on the issue. On November 14, 2016, the court issued a written order striking the motion without prejudice, finding (1) defendant failed to make a *prima facie* case he was entitled to forensic testing and (2) it was not required to conduct a hearing on the motion. On November 28, 2016, defendant filed a notice of appeal (case No. 4-16-0888). We granted OSAD's motion to consolidate the two appeals.

¶ 10 In the consolidated appeals, we permitted OSAD to supplement the record from an appeal filed under case No. 4-18-0467, showing defendant had filed yet another motion for testing

of the bullets and, on April 16, 2018, had filed a section 2-1401 petition challenging in part issues concerning the bullets. That record showed the trial court had granted defendant's motion for additional forensic testing and the testing was completed to defendant's satisfaction. We subsequently granted OSAD's motion to withdraw as counsel, finding in part the appeal from the first motion for forensic testing was moot when the court granted the later motion for testing. *People v. Campbell*, 2019 IL App (4th) 160808-U, ¶ 30.

¶ 11        On November 2, 2020, defendant moved to amend the April 16, 2018, section 2-1401 petition. He alleged his conviction was void based on extrinsic fraud, arguing (1) the State manipulated the ballistic test results to meet its theory of the case; (2) the State fraudulently concealed the diameter of the bullets; (3) the State fraudulently withheld a witness's description of the shooter, resulting in a composite sketch; and (4) defendant suffered a manifest abuse of discretion by the trial court based on "bias misconduct" of the trial court. The State moved to dismiss, asserting there was no new evidence not known at trial and principles of *res judicata* applied. The trial court dismissed, finding all claims were time barred and barred by *res judicata*. The court denied defendant's motion to reconsider, and he appealed. This court appointed OSAD as counsel.

¶ 12                                II. ANALYSIS

¶ 13        The appellate defender moves to withdraw as counsel. In her motion, counsel states she read the record and found no issue of arguable merit. Counsel further states she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments why those issues lack arguable merit.

¶ 14　　　　　Defendant filed a response, restating the arguments in his petition for relief from judgment and additionally arguing appellate counsel was unreasonable for filing the motion to withdraw. The State filed a brief agreeing OSAD's motion to withdraw should be granted. The State further suggests defendant should be deprived of sentence credits and sanctioned for frivolous filings.

¶ 15　　　　　As an initial matter, OSAD cites *People v. Buchanan*, 2019 IL App (2d) 180194, ¶ 5, where the appellate court granted OSAD's motion to withdraw as counsel and affirmed the dismissal of the defendant's section 2-1401 petition. OSAD contends two members of the appellate court panel, in *dicta*, opined OSAD should have sought to withdraw on the basis the trial court had no authority to appoint OSAD to an appeal from a civil proceeding under section 2-1401. *Buchanan*, 2019 IL App (2d) 180194, ¶ 17. In this case, OSAD specifically states it does not move to withdraw on the basis the trial court lacked authority to appoint OSAD to this appeal. Accordingly, we decline to address this basis for withdrawal. See *People v. Bankston*, 2022 IL App (4th) 200534-U, ¶ 11 (cited as persuasive authority pursuant to Illinois Supreme Court Rule 23(e)); *People v. Freeman*, 2022 IL App (4th) 200444-U, ¶ 9 (cited as persuasive authority pursuant to Illinois Supreme Court Rule 23(e)).

¶ 16　　　　　We agree with counsel this appeal presents no nonfrivolous issues. Counsel notes the trial court complied with the rules of civil procedure when it dismissed the petition. Defendant was given a proper and meaningful opportunity to present his claims, and the record reveals no errors in procedure when dismissing his petition. We further agree defendant's petition was untimely filed and his claims are barred by principles of *res judicata*.

¶ 17　　　　　We review *de novo* the trial court's dismissal of the petition as untimely and barred by *res judicata*. See *People v. Vincent*, 226 Ill. 2d 1, 18 (2007). Section 2-1401 of the

Code "provides a statutory procedure permitting vacatur of final judgments and orders after 30 days from their entry." *People v. Coleman*, 206 Ill. 2d 261, 288 (2002) (citing 735 ILCS 5/2-1401(a) (West 1998)). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. However, a defendant is not provided an indefinite opportunity to challenge the trial court's judgment. "A section 2-1401 petition filed more than two years after the challenged judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed." *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003) (citing 735 ILCS 5/2-1401(c) (West 2002)).

¶ 18    Here, defendant filed his section 2-1401 petition over 17 years from the date of the original judgment. However, in the trial court and in his response to counsel's motion to withdraw, defendant argued extrinsic fraud excused the late filing. "A judgment entered by a court, otherwise exercising proper jurisdiction, is open to collateral attack where fraud existed in its procurement." *People v. Carrasquillo*, 2020 IL App (1st) 180534, ¶ 52 (citing *Doctor's Associates, Inc. v. Duree*, 319 Ill. App. 3d 1032, 1043 (2001)). However, "[o]nly fraud that is extrinsic, as opposed to intrinsic, will render a judgment unenforceable." *Carrasquillo*, 2020 IL App (1st) 180534, ¶ 52.

¶ 19    Extrinsic fraud prevents the court from acquiring true jurisdiction or merely gives it colorable jurisdiction over the matter. *Carrasquillo*, 2020 IL App (1st) 180534, ¶ 52. "It is conduct that is collateral to the issues in the case and prevents the unsuccessful party from having a fair opportunity to participate and defend in the action." *Carrasquillo*, 2020 IL App

(1st) 180534, ¶ 52. "By contrast, intrinsic fraud is fraud that occurs after the court acquires jurisdiction, such as false testimony, and goes to the merits of the case." *Carrasquillo*, 2020 IL App (1st) 180534, ¶ 52 "The party attacking the judgment on the ground of extrinsic fraud carries the burden of supporting his claim with adequate evidentiary support; thus, it is a factual determination given deference on review." *Carrasquillo*, 2020 IL App (1st) 180534, ¶ 52.

¶ 20        Here, defendant raised issues of fraud intrinsic to the proceedings. His first three allegations alleged the State fraudulently concealed or manipulated the forensic testing, the diameter of the bullets, and the description of the shooter. His last allegation was a vague assertion of fraud, alleging the trial was biased against him in his previous collateral attacks based on alleged errors in defendant's case and other cases. None of those matters prevented the court from acquiring jurisdiction, and all went to the merits of the case. Indeed, defendant had raised his claims before. The trial court specifically noted that "the fact that petitioner has now used the word fraud with issues he has previously raised does not void the judgment." Thus, we agree defendant did not sufficiently raise extrinsic fraud to excuse his untimely filing. Likewise, we agree the trial court also correctly found the issues barred by *res judicata*.

¶ 21        The doctrine of *res judicata* provides: "[A] final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001). The doctrine applies when the following three requirements are satisfied: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *Nowak*, 197 Ill. 2d at 390. *Res judicata* may be applied to arguments a judgment is void. See *Stolfo v. Kindercare Learning*

*Centers, Inc.*, 2016 IL App (1st) 142396, ¶¶ 28-30. It also applies to issues which could have been raised but were not. "Consistent with the strong judicial policy favoring finality of judgments, our courts have held that a section 2-1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated." (Internal quotation marks omitted.) *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110 (2009); see also *People v. Haynes*, 192 Ill. 2d 437, 461 (2000) ("Points previously raised at trial and other collateral proceedings cannot form the basis of a section 2-1401 petition for relief.").

¶ 22    Defendant previously raised issues concerning the forensic testing and the shooter's description. That he now couches the issues in terms of fraud does not, by itself, establish he could not have raised the matters sooner. Instead, defendant is simply attempting to relitigate issues he has raised before. Accordingly, we agree *res judicata* applies.

¶ 23    Finally, the State suggests the trial court or Department of Corrections should deprive defendant of sentence credits and defendant should be sanctioned for frivolous filings. As to sentence credits, the State's suggestion is directed to the trial court and Department of Corrections, and the State cited to a statutory provision concerning lawsuits filed by prisoners against the State, the Department of Corrections, or the Prisoner Review Board. We decline to address the State's suggestion as doing so would be completely advisory. See *In re Luis R.*, 239 Ill. 2d 295, 306 (2010) ("It is well settled that Illinois courts cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." (Internal quotation marks omitted.)).

¶ 24        Citing *Williams v. Commissary Department of Illinois Department of Corrections*, 407 Ill. App. 3d 1135, 1138 (2011), the State also suggests we impose sanctions based on defendant's numerous frivolous pleadings and appeals. We agree.

¶ 25        Because we conclude defendant's current claims are as meritless as they have been for many years, as part of our judgment, we direct defendant to show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb.1, 1994). Until such time as (1) defendant responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard—and by that we mean to not file—any new appeals submitted to this court by defendant.

¶ 26                              III. CONCLUSION

¶ 27        For the reasons stated, we grant the motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 28        Affirmed.