NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220943-U

NO. 4-22-0943

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| GREGORY L. SMITH, | ) | No. 06CF1089 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court granted OSAD's motion to withdraw as counsel and affirmed the trial court's judgment dismissing defendant's section 2-1401 petition for relief from judgment.

¶ 2    In June 2021, defendant, Gregory L. Smith, filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)), alleging his attempted-murder conviction was void where the State fraudulently procured the indictment charging him with that offense because "the Grand Jury was *NEVER* reconvened *** to Legally Indict Petitioner on that charge." (Emphasis in original.) The trial court dismissed the petition, and defendant appealed. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal.

¶ 3        On appeal, OSAD now moves to withdraw as counsel on the basis it can raise no colorable argument the trial court erred in dismissing defendant's petition. We grant OSAD's motion and affirm the court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        On November 15, 2006, a grand jury indicted defendant for aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2006)) (count I), aggravated battery (*id.* § 12-4(b)(1)) (count II), and domestic battery (*id.* § 12-3.2(a)(1)) (count III) based on the allegation he stabbed his wife with a knife. According to the indictments, two witnesses testified before the grand jury on November 15: Rosemary Smith, the alleged victim, and Larry Shepherd, an officer with the Bloomington Police Department. Defendant was arraigned on November 17, 2006. At the arraignment hearing, the State requested that the proceedings be continued for a "continued arraignment." The State informed the trial court that, "due to recent information [it] received regarding the victim's medical condition[,] Count [IV], attempted murder, will be filed in and presented to the Grand Jury next week." On November 21, 2006, defendant was charged by indictment with attempt (murder) (*id.* § 8-4, 9-1(a)(1)) (count IV). According to the indictment, Shepherd was the only witness to testify before the grand jury on November 21. On December 20, 2006, the State filed its discovery compliance, which indicated "exhibit 45" was "a transcript of the grand jury testimony." The transcript was dated November 15, 2006, and it only listed counts I-III.

¶ 6        In April 2007, a jury found defendant guilty of counts I, II, and IV—count III had been dismissed prior to trial. On June 8, 2007, the trial court merged defendant's convictions on counts I and II with his conviction on count IV and sentenced him to 20 years' imprisonment. Defendant appealed, and this court affirmed defendant's conviction on direct appeal. *People v.*

*Smith*, No. 4-07-0742 (Aug. 14, 2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7        In October 2008, defendant *pro se* filed a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)) raising several claims of ineffective assistance of counsel. The trial court summarily dismissed defendant's petition. Defendant appealed, and OSAD was appointed to represent defendant. On appeal, OSAD filed a motion to withdraw as counsel, which this court granted. *People v. Smith*, No. 4-08-0954 (Aug. 30, 2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8        In October 2014, defendant *pro se* filed a petition for a writ of *habeas corpus*, alleging the indictment charging him with attempted murder was invalid where there was no evidence it was returned by a grand jury in open court. Defendant argued his conviction was void because the invalid indictment deprived the trial court of jurisdiction to enter a judgment of conviction against him. The trial court denied defendant's petition, and this court affirmed on appeal. *People v. Smith*, No. 4-14-1000 (Dec. 9, 2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9        In December 2016, defendant *pro se* filed a motion for leave to file a successive postconviction petition, arguing the State violated his due process rights by adding the attempted murder charge without conducting further grand jury proceedings. Defendant attached a copy of the McLean County State's Attorney's Office's response to a Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. (West 2016)) request, dated July 18, 2016, which indicated the State did not have a copy of the transcript of the November 21, 2006, grand jury proceedings in its possession. The trial court denied defendant's motion for leave to file a successive postconviction petition, and defendant appealed. This court affirmed the trial court's judgment

- 3 -

on appeal, finding defendant had failed to satisfy the cause-and-prejudice test in order to obtain leave to file a successive postconviction petition. *People v. Smith*, 2019 IL App (4th) 170104-U.

¶ 10　　　　　On June 23, 2021, pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)), defendant *pro se* filed the instant petition for relief from judgment. Defendant argued his attempted-murder conviction was void because the indictment charging him with that offense was invalid, thereby depriving the trial court of jurisdiction to enter a judgment of conviction against him. Specifically, defendant alleged the State improperly amended the indictment to add count IV without reconvening the grand jury. Defendant further alleged that the State fraudulently concealed this information by tendering a transcript of the November 15, 2006, grand jury proceedings to him that included the attempted-murder charge, even though he was not indicted on that offense until November 21, 2006, and he did not uncover the State's fraudulent concealment until he received the State's response to his FOIA request indicating it did not possess a transcript of the alleged November 21, 2006, grand jury proceedings. Defendant attached to his petition two copies of the transcript of the November 15, 2006, grand jury proceedings sent to him by the State. The transcripts are identical except for the fact that one of them only includes counts I-III, whereas the other transcript includes counts I-IV. Defendant also attached various documents memorializing his unsuccessful attempts to obtain a transcript of the alleged November 21, 2006, grand jury proceedings, including the State's July 18, 2016, response to his FOIA request indicating it was not in possession of the transcript of the later grand jury proceedings. Finally, defendant attached a letter from his former appellate attorney, which he characterized as "NEW EVIDENCE," that provided the following in pertinent part:

　　　　　　　　"As you know, the 11/15/06 transcript of Shepherd's testimony was turned over by the State in discovery (listed as Ex. #45 in the State's written discovery

- 4 -

motion). The copy of that transcript that is in the official record lists the 3 original offenses on the front page, and the number "45" is handwritten in the bottom right corner. However, the copy of the transcript your sister faxed to me (which contained the same "45" handwritten in the corner) has the attempt murder charge listed. This kind of makes me think that somehow someone in the State's Attorney's Office made a mistake and didn't bring the attempt murder form on 11/15 and the solution was just to have the grand jury foreman sign the form on 11/21 based on the 11/15 testimony (or something). In other words, the SAO got lazy and didn't think anyone would question it. This is *complete speculation* on my part." (Emphasis in original.)

Following a hearing, the trial court dismissed defendant's petition as untimely.

¶ 11 Defendant appealed, and the trial court appointed OSAD to represent him on appeal. OSAD now moves to withdraw as appellate counsel on the basis it can raise no colorable argument the court erred in dismissing defendant's petition. We granted defendant leave to file a response to OSAD's motion on or before May 15, 2023. Defendant filed a response on May 15, 2023. In addition to making the same claims he made in his petition for relief from judgment, defendant also argues in his response that the court erred in allowing the State to file a motion to dismiss. However, because the latter argument has no bearing on the underlying merit of his petition, we find it unnecessary to address it in this appeal.

¶ 12 II. ANALYSIS

¶ 13 On appeal, OSAD contends it can raise no colorable argument the trial court erred in dismissing defendant's section 2-1401 petition for relief from judgment. Specifically, OSAD maintains it can raise no argument that the court erred in (1) appointing OSAD to represent

defendant on appeal from the dismissal of a section 2-1401 petition for relief from judgment or (2) dismissing defendant's petition as untimely.

¶ 14          A. Whether the Trial Court Erred in Appointing OSAD

¶ 15          First, OSAD contends no argument can be made that the trial court erred in appointing it to represent defendant on appeal. OSAD cites *People v. Buchanan*, 2019 IL App (2d) 180194, ¶ 6, a case in which the Second District granted OSAD's motion to withdraw as counsel and affirmed the trial court's dismissal of the defendant's section 2-1401 petition for relief from judgment. After granting OSAD's motion and affirming the trial court's judgment, two of the justices on the *Buchanan* court, in *dicta*, "hasten[ed] to add" that OSAD should have moved to withdraw on the basis that the trial court lacked authority to appoint it to an appeal from the dismissal of a section 2-1401 petition, which is civil in nature, because section 10(a) of the State Appellate Defender Act (725 ILCS 105/10(a) (West 2016)) "clearly limits appointment of [OSAD] to appeals from criminal and delinquent minor proceedings." (Internal quotation marks omitted.) *Id.* ¶ 5. However, in this case, OSAD specifically states it "does not move to withdraw on the basis that the trial court lacked authority to appoint [it] to this appeal." Accordingly, we do not address this potential basis for withdrawal. See, *e.g.*, *People v. Campbell*, 2022 IL App (4th) 210570-U, ¶ 15.

¶ 16          B. Whether the Trial Court
Erred in Dismissing Defendant's Petition as Untimely

¶ 17          Next, OSAD contends it is unable to raise a colorable argument that the trial court erred in finding defendant's petition untimely, either on the basis that defendant's conviction is void or that the State's alleged fraudulent concealment of his claim prevented him from filing his petition within the two-year filing period provided by section 2-1401(c) of the Code (735 ILCS

5/2-1401(c) (West 2020)). We review the dismissal of a section 2-1401 petition for relief from judgment *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 18　　"Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *People v. Thompson*, 2015 IL 118151, ¶ 28. "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. Generally, a section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2020). However, "[t]ime during which *** the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." *Id.* Further, the general two-year deadline does not apply to a petition seeking relief from a void judgment. *Id.* § 2-1401(f); *Thompson*, 2015 IL 118151, ¶ 29. Our supreme court recognizes two situations in which a judgment will be deemed void: "(1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction" or "(2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Price*, 2016 IL 118613, ¶ 31.

¶ 19　　Here, even accepting defendant's allegations as true, we agree with OSAD that no colorable argument can be made defendant's conviction is void or that the "fraudulent concealment" exception to the two-year filing deadline excuses defendant's untimely filing of his petition.

¶ 20　　In his petition, defendant argued his attempted-murder conviction was void because the indictment charging him with that offense was invalid, thereby depriving the trial court of jurisdiction to enter a judgment of conviction against him. Defendant based his

argument on the allegation that the State improperly added the attempted-murder charge without reconvening the grand jury and then attempted to fraudulently conceal this impropriety by adding count IV to the transcript of the November 15, 2006, grand jury proceedings, even though the grand jury did not indict defendant on that charge until November 21, 2006. Even accepting these allegations as true, defendant's argument lacks merit. It is well-settled in Illinois that an invalid indictment does not deprive a trial court of jurisdiction. See, *e.g.*, *People v. Benitez*, 169 Ill. 2d 245, 256 (1996) ("[J]urisdiction is not conferred by information or indictment, but rather by constitutional provisions."); *People v. Hughes*, 2012 IL 112817, ¶ 29 (noting the constitutional right to be charged by a grand jury indictment (Ill. Const. 1970, art. I, § 7) "is a personal privilege to be distinguished from the power of the court to adjudicate a controversy"). Thus, we agree with OSAD that no colorable argument can be made that the allegedly invalid indictment in this case deprived the trial court of jurisdiction to enter a judgment of conviction against defendant for attempted murder.

¶ 21        We also agree with OSAD that no colorable argument can be made the "fraudulent concealment" exception to the two-year filing deadline applies in this case. Defendant alleged that he did not uncover the State's fraudulent concealment of his claim until the McLean County State's Attorney's Office responded to his FOIA request in July 2016 by stating it was not in possession of the transcript of the alleged November 21, 2006, grand jury proceedings. According to defendant, this proves that the grand jury never met on November 21, 2006, and the State had been actively concealing this fact from him by, for example, sending him the second copy of the November 15, 2006, grand jury proceedings that now included the attempted-murder count. However, even accepting as true defendant's allegation that the State had been fraudulently concealing his claim, defendant, by his own admission, learned of the

fraudulent concealment in July 2016. Thus, the two-year filing period would have begun in July 2016 and ended in July 2018, yet defendant did not file his petition until approximately five years later, in June 2021. See 735 ILCS 5/2-1401(c) (West 2020). Accordingly, no colorable argument can be made the trial court erred in dismissing defendant's petition as untimely.

¶ 22                                    III. CONCLUSION

¶ 23          For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 24          Affirmed.