NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250816-U

NO. 4-25-0816

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 10, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| THOMAS W. CAMPBELL, | ) | No. 11CF907 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to withdraw and affirmed the trial court's judgment dismissing defendant's section 2-1401 (735 ILCS 5/2-1401 (West 2024)) petition for relief from judgment.

¶ 2    Defendant, Thomas W. Campbell, appeals the trial court's judgment dismissing his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)). On appeal, defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), moves to withdraw on the basis it can raise no colorable argument the court erred in dismissing defendant's petition. We grant OSAD's motion and affirm the court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4    In October 2011, defendant was indicted on three counts of predatory criminal

sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 1996)) and three counts of aggravated criminal sexual abuse (*id.* § 12-16(c)(1)(i)). The State alleged the criminal conduct occurred between January 31, 1997, and January 30, 2004. A jury found defendant guilty of each count, and the trial court sentenced him to natural life in prison. We affirmed defendant's convictions on direct appeal. See *People v. Campbell*, 2014 IL App (4th) 130177-U, ¶ 37.

¶ 5    In August 2016, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). In relevant part, defendant argued his convictions for predatory criminal sexual assault of a child were void because the supreme court, in *Johnson v. Edgar*, 176 Ill. 2d 499, 517 (1997), held that the legislation creating the offense—Public Act 89-428 (eff. Dec. 13, 1995)—was unconstitutional as violative of the single-subject rule. The trial court entered a written order summarily dismissing defendant's petition. The court found that while defendant was correct the supreme court held that Public Act 89-428 was unconstitutional in *Johnson*, "the legislature did in fact properly re-enact the predatory criminal sexual assault crime in [Public Act 89-462 (eff. May 29, 1996)]." See *People v. Tellez-Valencia*, 188 Ill. 2d 523, 526 (1999) (noting that the legislature "reenacted the [predatory criminal sexual assault of a child] offense" in Public Act 89-462). Defendant appealed, and, on appeal, we granted OSAD's motion to withdraw and affirmed the court's judgment. See *People v. Campbell*, 2019 IL App (4th) 170389-U, ¶ 23.

¶ 6    In April 2024, defendant filed the instant section 2-1401 petition for relief from judgment, in which he argued his convictions for predatory criminal sexual assault of a child were void and should be vacated because Public Act 89-462 did not cure the constitutional infirmity of Public Act 89-428. Specifically, defendant argued:

"Predatory Criminal Sexual Assault of a Child [citation] was created in Public Act

89-428, which the Supreme Court found *** violated [the] Single Subject Rule, pursuant to *Johnson* *** and the Court found in *People v. Crutchfield*, 2015 IL App. (5th) 120371[ ] that Public Act 89-462 fail[ed] to exhibit on its face that it is intended to cure or validated [*sic*] defective legislation (Public Act 89-428) also pursuant to *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999) making P.A. 89-462 Facially Unconstitutional, void *ab initio*, therefore Petitioner [*sic*] conviction and sentence is void [*sic*] and should be vacated."

¶ 7 The State filed a motion to dismiss defendant's section 2-1401 petition, arguing it was barred by the doctrine of *res judicata* where it "restates the claims relating to the constitutionality of the predatory criminal sexual assault statute that were previously raised and ruled upon in the post-conviction petition." Defendant filed a response to the State's motion. In April 2025, the trial court granted defendant "one additional continuance" to prepare for a hearing on the State's motion. Following the hearing, at which defendant had an opportunity to present his arguments, the court entered a written order granting the State's motion to dismiss. The court found defendant's petition was barred by the doctrine of *res judicata* where it "raise[d] the nearly identical claim previously raised in his Post-Conviction Petition."

¶ 8 Defendant appealed, and OSAD was appointed to represent him on appeal. OSAD subsequently filed a motion to withdraw as appellate counsel, which we ordered taken with the case. In its motion, OSAD asserts it can raise no colorable argument the trial court erred in dismissing defendant's section 2-1401 petition. We granted defendant leave to file a response to OSAD's motion within 35 days. He did not file a response.

¶ 9 II. ANALYSIS

¶ 10 On appeal, OSAD contends it considered raising several issues on appeal, which

we discuss in further detail below, but ultimately concluded that doing so would be pointless considering it can raise no colorable argument defendant presented a nonfrivolous claim in his section 2-1401 petition for relief from judgment.

¶ 11                    A. Section 2-1401 Petitions for Relief From Judgment

¶ 12            "Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *People v. Thompson*, 2015 IL 118151, ¶ 28. "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). Generally, a petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2024). However, the general two-year deadline does not apply, in part, to a petition seeking relief from a void judgment. *Id.* § 2-1401(f); *Thompson*, 2015 IL 118151, ¶ 29. Our supreme court recognizes two situations in which a judgment is considered void: "(1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction" or "(2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Price*, 2016 IL 118613, ¶ 31. We review *de novo* the dismissal of a section 2-1401 petition for relief from judgment. *Vincent*, 226 Ill. 2d at 18.

¶ 13                    B. Potential Issues for Review

¶ 14            First, OSAD asserts it can raise no colorable argument the appellate court erred in appointing it to represent defendant on appeal. Second, OSAD contends it can raise no colorable argument defendant was denied procedural due process in the underlying proceedings on his section 2-1401 petition. Third, OSAD maintains that even though the court arguably erred in

finding defendant's claim was barred by the doctrine of *res judicata*, it would be pointless to raise the argument on appeal where "no meritorious appellate claim exists because the underlying statutory theory [of defendant's claim] cannot succeed as a matter of law."

¶ 15                              1. *OSAD's Appointment as Appellate Counsel*

¶ 16         First, OSAD contends it can raise no colorable argument the appellate court erred in appointing it to represent defendant on appeal from the dismissal of his section 2-1401 petition. OSAD cites *People v. Buchanan*, 2019 IL App (2d) 180194, ¶ 6, a case in which the Second District granted OSAD's motion to withdraw as counsel and affirmed the trial court's dismissal of the defendant's section 2-1401 petition. After granting OSAD's motion and affirming the trial court's judgment, the *Buchanan* court, in *dicta*, "hasten[ed] to add" that OSAD should have moved to withdraw on the basis that the trial court lacked authority to appoint it to an appeal from the dismissal of a section 2-1401 petition, which is civil in nature, because section 10(a) of the State Appellate Defender Act (725 ILCS 105/10(a) (West 2016)) "clearly limits appointment of [OSAD] to appeals from criminal and delinquent minor proceedings." (Internal quotation marks omitted.) *Id.* ¶ 5. In this case, we note OSAD specifically states in its motion that it "does not move to withdraw on the basis that the trial court lacked authority to appoint [it] to this appeal." Thus, we find it unnecessary to address this potential basis for withdrawal. See, *e.g.*, *People v. Campbell*, 2022 IL App (4th) 210570-U, ¶ 15.

¶ 17                              2. *Procedural Due Process*

¶ 18         Next, OSAD contends it can raise no colorable argument defendant was denied procedural due process in the underlying proceedings on his section 2-1401 petition. OSAD maintains that "[b]ecause the record establishes notice, the ability to file a written response, and continuances culminating in a setting for argument on the State's motion, no non-frivolous due

process claim can be presented."

¶ 19        Both the United States and Illinois Constitutions guarantee an individual's right to procedural due process. See U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. Procedural due process ensures that an individual receives "the opportunity to be heard at a meaningful time and in a meaningful manner." *In re D.W.*, 214 Ill. 2d 289, 316 (2005); see *People v. Cardona*, 2013 IL 114076, ¶ 15 ("The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections."). Our supreme court has "consistently held that proceedings under section 2-1401 are governed by the usual rules of civil practice," and "petitions filed thereunder are treated as complaints inviting responsive pleadings." (Internal quotation marks omitted.) *People v. Stoecker*, 2020 IL 124807, ¶ 18. "Illinois courts have recognized that basic notions of fairness dictate that a petitioner be afforded notice of, and a meaningful opportunity to respond to, any motion or responsive pleading by the State." *Id.* ¶ 20. "A procedural due process claim presents a question of law, which we review *de novo*." *Id.* ¶ 17.

¶ 20        Here, we agree with OSAD that no argument can be made defendant was denied procedural due process in the underlying proceedings. The record shows that defendant received notice of the State's motion to dismiss his petition, and he filed a response thereto. Moreover, the trial court granted him multiple continuances to prepare for a hearing on the State's motion. The court ultimately conducted a hearing, at which defendant was afforded an opportunity to have his objections heard. Thus, we agree with OSAD that no colorable due process claim can be made on appeal. See *Cardona*, 2013 IL 114076, ¶ 15; *Stoecker*, 2020 IL 124807, ¶ 20.

¶ 21                    3. *Res Judicata and the Merits of Defendant's Claim*

¶ 22        Lastly, OSAD contends that although the trial court arguably erred in finding defendant's claim was barred by the doctrine of *res judicata*, it nonetheless "can make no

meritorious argument that the dismissal should not be affirmed because controlling authority recognizes Public Act 89-462 as newly and properly enact[ing] the predatory criminal sexual assault statute, rendering the section 2-1401 petition frivolous and patently without merit." Because, as discussed below, we agree defendant's claim lacks arguable merit, we find it unnecessary to determine whether the court erred in finding *res judicata* applied. See, *e.g.*, *People v. Dillon*, 2025 IL App (1st) 241535, ¶ 30 ("When reviewing a trial court's dismissal of a section 2-1401 petition, this court may affirm on any basis we find in the record." (Internal quotation marks omitted.)).

¶ 23        In his petition, defendant stated that in *Crutchfield*, 2015 IL App (5th) 120371, the Fifth District held that "Public Act 89-462 fail[ed] to exhibit on its face that it [wa]s intended to cure or validate[ ] defective legislation (Public Act 89-428)." However, the *Crutchfield* court did not hold that Public Act 89-462 failed to remedy the defect in Public Act 89-428. Instead, it held that "Public Act 89-462 did not cure the *** infirmity of *Public Act 89-203*." (Emphasis added.) *Id.* ¶ 72. Public Act 89-203 did not enact the offense of predatory criminal sexual assault of a child, and, as result, neither it nor *Crutchfield* have any relevance to this case. Defendant appears to have merely repackaged the argument raised in his postconviction petition by misrepresenting *Crutchfield* as holding that Public Act 89-462 did not reenact the complained-of offense. See *Campbell*, 2019 IL App (4th) 170389-U, ¶ 17 ("The authority defendant relies upon pertains to Public Act 89-203 and a provision regarding mandatory life sentences for child murderers, not the statutory provision at issue here in Public Act 89-462 regarding predatory criminal sexual assault of a child."). Thus, we agree with OSAD that defendant's section 2-1401 petition lacks arguable merit.

¶ 24                              III. CONCLUSION

- 7 -

¶ 25    For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 26    Affirmed.