2020 IL App (2d) 170646-U
No. 2-17-0646
Order filed January 22, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03-CF-866 |
| DERRON JOHNSON, | ) ) ) | Honorable Divya K. Sarang, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hudson and Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly denied the defendant's motion for leave to file a successive postconviction petition.

¶ 2    On April 26, 2017, the defendant, Derron Johnson, filed a motion for leave to file a successive postconviction petition, along with the substantive petition, under section 122-1(f) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(f) (West 2016)). The trial court denied the motion. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4　　On May 20, 2004, following a jury trial, the defendant was found guilty of the first-degree murder (720 ILCS 5/9-1(a)(2) (West 2002)) of John Szilage, based on the theory that he was accountable for the conduct of Andrew Proctor, who committed the acts causing Szilage's death. The defendant was subsequently sentenced to 27 years' imprisonment. On direct appeal, this court affirmed the defendant's conviction and sentence. See *People v. Johnson*, 368 Ill. App. 3d 1073 (2006). The evidence presented at the defendant's trial is detailed in this court's opinion on direct appeal. *Id.* On October 9, 2007, the defendant filed a *pro se* petition for postconviction relief. On December 3, 2013, he filed an amended postconviction petition. The trial court granted the State's motion to dismiss that petition and this court affirmed the trial court's dismissal. *People v. Johnson*, 2016 IL App (2d) 140844-U.

¶ 5　　On April 26, 2017, the defendant filed a motion for leave to file a successive postconviction petition, attaching the petition to the motion. The defendant asserted that, considering his age at the time of the offense and his level of participation, his 27-year sentence violated the eighth amendment's ban on cruel and unusual punishment (U.S. Const., amend. VIII) and the Illinois Constitution's proportionate penalties clause (Ill. Const. 1970, art. I, § 11). In support, the defendant cited to *Miller v. Alabama*, 567 U.S. 460 (2012), which held that sentencing a juvenile offender to mandatory life imprisonment without parole violated the eighth amendment. The defendant also argued that postconviction counsel was ineffective in failing to raise this issue in his first postconviction petition.

¶ 6　　On July 24, 2017, the trial court denied the defendant's motion for leave to file a successive postconviction petition. The trial court found that the defendant had failed to show cause for not raising his *Miller* claim earlier, when his amended postconviction petition was filed on December 3, 2013, 15 months after the *Miller* decision. The trial court also found that the defendant failed

to show prejudice because *Miller* did not apply to his 27-year sentence, which was not a *de facto* life sentence. Finally, the trial court found that postconviction counsel was not ineffective in failing to raise the *Miller* claim in the first postconviction petition since any such argument would have been without merit. The defendant filed a timely notice of appeal from this order.

¶ 7                                    II. ANALYSIS

¶ 8      On appeal, the defendant raises a new argument—that section 3-6-3(a)(2)(i) of the Truth in Sentencing Act (Act) (730 ILCS 5/3-6-3(a)(2)(i) (West 2002)), requiring him to serve his entire sentence without the possibility of parole, violates the eighth amendment's ban on cruel and unusual punishment (U.S. Const. amend. VIII) and the Illinois Constitution's proportionate penalties clause (Ill. Const. 1970, art. I, § 11). The defendant argues that this provision of the Act is unconstitutional both facially and as applied. The defendant further argues that he has established cause as to this claim because his argument is a novel constitutional claim that was not available to him at the time he filed his motion for leave to file a successive petition. Further, he argues that he demonstrated prejudice because his *Miller* claim retroactively applies to his sentence.

¶ 9      The Post-Conviction Hearing Act contemplates the filing of only one petition without leave of court. 725 ILCS 5/122-1(f) (West 2016). To obtain leave to file a successive postconviction petition, a defendant must show "cause" and "prejudice." *Id.* "Cause" is "an objective factor that impeded [the defendant's] ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2016). "Prejudice" requires a showing that "the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2010). When faced with a motion for leave to file a successive postconviction petition, the court conducts

"a preliminary screening" to determine whether the motion adequately alleges facts that make a *prima facie* showing of cause and prejudice. *People v. Bailey*, 2017 IL 121450, ¶ 24. Where the trial court does not hold an evidentiary hearing, we review *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124 (2010).

¶ 10    At the outset, the State argues that the defendant waived his challenge to the constitutionality of his sentence because, at the sentencing hearing, trial counsel acknowledged the legislatively imposed sentencing requirements and stated that he was "not arguing [about] this either." The State also asserts that the defendant's argument is forfeited because the defendant did not raise the constitutionality of the Act in his motion for leave to file a successive postconviction petition or in the related substantive petition, but is now raising this issue for the first time on appeal from the denial of that motion. These arguments are without merit. The defendant is essentially arguing that his sentence violates the Constitution based on the reasoning in *Miller*. As noted, a sentence that contravenes the Constitution may be challenged at any time. *People v. Strawbridge*, 404 Ill. App. 3d 460, 470 (2010). Furthermore, while it is generally true that a defendant should present an as-applied constitutional challenge for the first time in the trial court so as to create a sufficiently developed record, there is an exception to that rule for an as-applied claim based on *Miller*, for which the record is sufficiently developed for appellate review. *People v. Holman*, 2017 IL 120655, ¶ 32. In the present case, as the facts and circumstances necessary to decide the defendant's claim are already in the record, we decline to find the issue forfeited and will address the merits of the defendant's claim. *Id.*

¶ 11    Turning to the merits, we review *de novo* arguments concerning the constitutionality of a statute. *People v. Cavazos*, 2015 IL App (2d) 120444, ¶ 82. All statutes are presumed

constitutional and, where possible, we must construe a statute to uphold its constitutionality. *Id.* A statute is facially unconstitutional when there are no circumstances in which the statute could be validly applied. *People v. Davis*, 2014 IL 115595, ¶ 25. Courts have held that the Act can be constitutionally applied under some circumstances. *People v. Patterson*, 2014 IL 115102, ¶¶ 107-110; *People v. Othman*, 2019 IL App (1st) 150823, ¶ 109; *People v. Gorgis*, 337 Ill. App. 3d 960, 975 (2003) (the imposition of truth-in-sentencing guidelines for first degree murder defendants is constitutionally permissible). We find no reason to depart from these holdings and the defendant's argument that section (a)(2)(i) of the Act is facially unconstitutional necessarily fails.

¶ 12     The defendant's as-applied challenge is premised on the United States Supreme Court decision in *Miller*. In *Miller*, the Court held that, for those convicted of homicide, the eighth amendment prohibits "a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. Our Illinois supreme court has further held that: (1) *Miller* extends to a mandatory term of years that is the functional equivalent of life without the possibility of parole (*de facto* life sentence) (*People v. Reyes*, 2016 IL 119271, ¶¶ 9-10); and (2) *Miller* also applies to discretionary sentences of life without parole for juvenile defendants (*Holman*, 2017 IL 120655, ¶ 40).

¶ 13     Nonetheless, since the decision in *Miller*, courts in this state have repeatedly rejected similar as-applied challenges regarding the constitutionality of section 3-6-3(a)(2)(i) of the Act. See *People v. Pacheco*, 2013 IL App (4th) 110409, ¶ 60 (application of the Act was not unconstitutional where juvenile defendant was convicted of first degree murder based on accountability theory and sentenced to 30 years' imprisonment); see also *People v. Banks*, 2015 IL App (1st) 130985, ¶ 23, and *Cavazos*, 2015 IL App (2d) 120171, ¶ 86.

¶ 14    The *Pacheco* court specifically noted that, under *Miller*, the eighth amendment did not prohibit "a juvenile defendant from being subject to the same mandatory minimum sentence as an adult, unless that mandatory minimum sentence was death or life in prison without the possibility of parole." *Pacheco*, 2013 IL App (4th) 110409, ¶ 58.  In the present case, the defendant was not sentenced to natural life without the possibility of parole.  Rather, he received only 7 years above the minimum sentence for murder and 33 years below the maximum sentence.  Further, the 27-year sentence was not a *de facto* life sentence.  *People v. Buffer*, 2019 IL 122327, ¶ 40 (in determining whether a prison term is a *de facto* life sentence, the line is drawn at 40 years).  Accordingly, the defendant has not established that his sentence falls under the protections of *Miller*.

¶ 15    Moreover, to the extent *Miller* requires that, before sentencing a juvenile, the trial court must have an opportunity to consider the juvenile's age at the time of the offense, that requirement was satisfied here.  The record indicates that the trial court considered the defendant's age, the circumstances of his family life growing up, his lack of a criminal history, and the contradictory evidence of his level of participation in the offense.  The trial court also considered the defendant's potential for rehabilitation and the fact that the defendant was not eligible for good-time credit.  The trial court acknowledged that the habits and character of juveniles, as compared to adults, are unformed and unsettled.  Further, the trial court did not feel constrained by the mandatory minimum sentence as evidenced by his sentencing the defendant to seven years more than the minimum allowable.  Accordingly, even if we were to conclude that *Miller* applied to the defendant's determinate sentence of 27 years, the record reflects no violation of *Miller*.

¶ 16    In so ruling, we note that the defendant relies on *Othman*, 2019 IL App (1st) 150823, in arguing that the Act is unconstitutional as applied to him.  The *Othman* court held that section 3-

6-3(a)(2)(i) of the Act was unconstitutional as applied to Othman. *Id.* ¶ 109. However, *Othman* is distinguishable. In *Othman*, the defendant received a *de facto* life sentence; he was sentenced to 55 years' imprisonment and was scheduled for release at the age of 76. *Id.* ¶ 102. Thus, the holding in *Miller* was directly applicable to the *Othman* defendant because he received a mandatory, *de facto* life-without-parole sentence. *Reyes*, 2016 IL 119271, ¶¶ 9-10. As noted, the defendant in the present case did not receive a *de facto* life sentence and the trial court, even considering the defendant's youth and its attendant circumstances, did not feel constrained by the mandatory minimum allowable sentence. As there was no *Miller* violation in the present case, the defendant's reliance on *Othman* is unpersuasive.

¶ 17 As the defendant's eighth-amendment claim based on *Miller* fails, so does his claim under the proportionate-penalties clause. *Patterson*, 2014 IL 115102, ¶ 106 (the proportionate-penalties clause is "co-extensive with the eighth amendment's cruel and unusual punishment clause"). Because the defendant's arguments have no merit, he has failed to establish the prejudice prong of the cause-and-prejudice test. We thus affirm the trial court's denial of the defendant's motion for leave to file a successive postconviction petition.

¶ 18 III. CONCLUSION

¶ 19 For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

¶ 20 Affirmed.