2021 IL App (1st) 200038-U

SECOND DIVISION
December 28, 2021

1-20-0038

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 5686 |
| | ) | |
| TORRANCE BUTLER, | ) | Honorable |
| | ) | Lawrence E. Flood, |
| Petitioner-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

ORDER

¶ 1　　　*Held:* The circuit court's order dismissing petitioner's successive postconviction petition is affirmed. Petitioner failed to establish the requisite prejudice to justify further proceedings.

¶ 2　　　Petitioner Torrance Butler appeals from an order of the circuit court of Cook County summarily dismissing his successive petition for postconviction relief. Petitioner contends that he sufficiently established cause and prejudice to bring his as-applied challenge to the truth-in-sentencing statute (730 ILCS 5/3-6-3(a)(2)(i) (West 2020)), which prevents juveniles like him from obtaining an early release from prison based on demonstrated potential for rehabilitation.

¶ 3　　　For the following reasons, we affirm.

¶ 4　　　　　　　　　　BACKGROUND

¶ 5       A grand jury indicted petitioner and his codefendant, Nolan Jackson, for the 2004 murder of Garrett Davies. Davies was killed during a home invasion and armed robbery committed by petitioner and codefendant. Petitioner was a 17-year-old minor at the time.

¶ 6       Following a Rule 402 conference, petitioner entered a fully negotiated plea agreement with the State. In exchange for the State's recommendation of a 21-year prison sentence, petitioner agreed to plead guilty to first degree murder committed during an armed robbery. At the plea hearing, the court admonished petitioner the sentencing range for first degree murder is 20 to 60 years with "no day-for-day good time credits." The State then provided a factual basis for the plea agreement.

¶ 7       According to the factual basis, petitioner confessed he went to Garrett's apartment to steal money and marijuana. When Garrett discovered petitioner searching through his bedroom dresser, both reached for a gun that was on the bed. Petitioner grabbed the gun first and shot Garrett. Then, petitioner and his codefendant left the apartment with some money and marijuana. A witness identified petitioner and his codefendant as the two individuals seen leaving Garrett's apartment that afternoon on February 9, 2004. A medical examiner determined that Garrett died of a gunshot wound to the neck.

¶ 8       After petitioner stipulated to the factual basis, the court accepted his guilty plea and proceeded to sentencing. A presentence report was admitted into the record. In aggravation, the State presented four victim impact statements. Garrett's mother read her statement into the record. In mitigation, petitioner cited the facts presented in the Rule 402 conference. The court sentenced petitioner, as agreed, to 21 years' imprisonment. In doing so, the court stated it considered "the mandatory factors set forth in the statute concerning aggravation and mitigation, the [petitioner] himself, the facts in the case as brought forth at the factual basis stage of the plea,

all things considered in trying to in the most difficult way manageable form a just sentence." The court also advised petitioner of his right to appeal, which required him to file a motion to withdraw his plea within 30 days. However, petitioner did not withdraw his plea or pursue a direct appeal.

¶ 9        In 2009, petitioner filed his initial *pro se* postconviction petition. The court appointed counsel for petitioner, and counsel filed an amended petition arguing petitioner's 21-year sentence should be reduced by three years because the court did not advise him that a three-year mandatory supervised release term followed the 21-year prison term he negotiated. The State filed a motion to dismiss arguing such a reduction would result in a prison sentence below the statutory minimum of 20 years' imprisonment. Following a hearing, the court agreed with the State's position and dismissed petitioner's petition. Petitioner appealed the dismissal, but according to petitioner, he voluntarily dismissed the appeal to avoid the risk of receiving a 25-year firearm enhancement if he succeeded.

¶ 10       In 2019, petitioner filed the successive postconviction petition that is the subject of this case. Petitioner alleged, in pertinent part, "Newly discovered evidence in regards to Petitioner being a minor during the court procedures and sentencing hearing, also during the commission of the offense." Petitioner argued the truth-in-sentencing statute is unconstitutional as applied to him because it precludes him from demonstrating his rehabilitative potential and earning an early release. Petitioner noted he is required to serve 100% of his 21-year murder sentence under the truth-in-sentencing statute. Petitioner supported his petition with a transcript of the plea hearing and pronouncement of sentence. He also attached an affidavit stating he was unaware at the time of the hearing that his sentence included a three-year mandatory supervised release term. The circuit court summarily dismissed petitioner's successive petition in a written order finding that

petitioner waived all non-jurisdictional claims in his petition by voluntarily pleading guilty and not withdrawing his plea. This appeal follows.

¶ 11                                                    ANALYSIS

¶ 12        Petitioner contends he is entitled to second-stage proceedings because he satisfied the cause and prejudice test by alleging the truth-in-sentencing statute, as applied to him, violates the eighth amendment of the United States Constitution. The thrust of petitioner's argument is that while the eighth amendment under *Miller v. Alabama* requires the State to allow juvenile offenders greater opportunities than adults to reform while in prison, the truth-in-sentencing statute does not distinguish between adults and juveniles.

¶ 13        The Post-Conviction Hearing Act contemplates the filing of one petition without leave of court. *People v. Sanders*, 2016 IL 118123, ¶ 24 (citing 725 ILCS 5/122-1(f) (West 2014)). For that reason, any claim not raised in an original or amended petition is waived. *Id.* (citing 725 ILCS 5/122-3 (West 2014)). However, a petitioner may obtain leave to file a successive petition by showing cause and prejudice. *People v. Johnson*, 2020 IL App (2d) 170646, ¶ 8 (citing 725 ILCS 5/122-1(f) (West 2016)). This test applies to individual claims and not the entire petition. *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 20. "Cause" is an objective factor that impeded a petitioner's ability to raise a claim in the initial postconviction proceedings. *Id.* (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002)). "Prejudice" means showing " 'the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process.' " *Johnson*, 2020 IL App (2d) 170646, ¶ 8 (quoting 725 ILCS 5/122-1(f)(2) (West 2016)).

¶ 14        When a petitioner files a motion for leave to file a successive postconviction petition, the court conducts "a preliminary screening" to determine whether the motion sufficiently alleges

facts that establish a *prima facie* showing of cause and prejudice. *Johnson*, 2020 IL App (2d) 170646, ¶ 8 (citing *People v. Bailey*, 2017 IL 121450, ¶ 24). We are mindful that Illinois courts treat successive petitions differently from initial petitions; the cause and prejudice test is "more exacting" than a "gist" showing. *Edwards*, 2012 IL App (1st) 091651, ¶ 22.

¶ 15    Leave of court to file a successive petition should be denied "when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35. Where, as here, the circuit court does not hold an evidentiary hearing, we review *de novo* the court's denial of leave to file petitioner's successive postconviction petition. *Id.*

¶ 16    The State concedes that petitioner has established cause for failing to bring his sentencing claim earlier because he relies on cases decided after his initial postconviction proceedings in 2009. For the same reason, we reject the State's argument that petitioner waived the issue by pleading guilty. "Waiver" means "the voluntary relinquishment of a known right." *People v. Johnson*, 2021 IL App (3d) 180357, ¶ 16 (quoting *People v. Phipps*, 238 Ill. 2d 54, 62 (2010)). Petitioner could not have voluntarily relinquished a right that was not available when he pleaded guilty. *Id.* ¶ 20. He did not waive the right to raise the issue because he pleaded guilty without the benefit of *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny. *Id.* Thus, the issue before us concerns whether petitioner has made a *prima facie* showing of prejudice. See, *e.g.*, *People v. Glinsey*, 2021 IL App (1st) 191145, ¶ 35.

¶ 17    In *Miller*, the United States Supreme Court held that mandatory life sentences without the possibility of parole for juvenile offenders violate the eighth amendment. *Miller*, 567 U.S. at 479. Our supreme court has applied the holding in *Miller* to *de facto* life sentences (*People v.*

*Reyes*, 2016 IL 119271, ¶ 10 (*per curiam*)) and discretionary life sentences (*People v. Holman*, 2017 IL 120655, ¶ 40). Our supreme court has also determined the maximum sentence that a juvenile offender can be given without being considered a *de facto* life sentence is 40 years. *People v. Buffer*, 2019 IL 122327, ¶ 40. More recently, our supreme court in *People v. Dorsey* held that a juvenile offender's *opportunity* for release before spending more than 40 years in prison is the relevant consideration to determine whether a minor's sentence is a *de facto* life sentence, regardless of the sentence imposed by the trial court. *People v. Brakes*, 2021 IL App (1st) 181737, ¶ 34 (citing *People v. Dorsey*, 2021 IL 123010, ¶ 64).

¶ 18        Petitioner concedes his 21-year sentence with no possibility of parole is not a life sentence. He also acknowledges his sentence is merely one year more than the mandatory statutory 20-year minimum for first degree murder. Because the truth-in-sentencing statute (730 ILCS 5/3-6-3(a)(2)(i) (West 2020)) provides that individuals convicted of first degree murder must serve 100% of their sentence, petitioner argues the statute prevents juveniles like him from obtaining an early release based on demonstrated potential for rehabilitation.

¶ 19        Petitioner relies, as he did in his successive petition, primarily on *People v. Othman*, 2019 IL App (1st) 150823 (*Othman I*), where we found the truth-in-sentencing statute was unconstitutional as applied to juvenile offenders. In *Othman I*, the minor defendant was convicted of murder and sentenced to 30 years plus a mandatory 25-year enhancement for firing a gun; he received a total sentence of 55 years. Relying on *Miller*, the appellate court determined the sentence was a life sentence and the trial court did not consider the rehabilitation potential of the defendant. The court noted the truth-in-sentencing statute required the minor defendant to serve 100% of his sentence, the same as an adult, without regard to the rehabilitation potential of minors. Therefore, the court found the statute violated the constitution.

¶ 20       However, our supreme court subsequently entered a supervisory order vacating the portions of *Othman I* which ruled on the constitutionality of the defendant's sentence (*People v. Othman*, No. 125580 (Ill. Jan. 9, 2020) (supervisory order)). Petitioner argues the reasoning in *Othman I* was correct and should be applied here. See *People v. Othman*, 2020 IL App (1st) 150823-B, ¶¶ 3-5. We disagree.

¶ 21       As the State points out, the appellate court rejected similar arguments about truth-in-sentencing before and after *Othman I* was decided. See *People v. Pacheco*, 2013 IL App (4th) 110409, ¶ 60; *People v. Banks*, 2015 IL App (1st) 130985, ¶ 22; and *People v. Cavazos*, 2015 IL App (2d) 120444, ¶ 86; see also *Johnson*, 2020 IL App (2d) 170646, ¶¶ 7-15 (since *Miller*, Illinois courts have rejected similar as applied challenges to the constitutionality of the truth-in-sentencing statute); and *Brakes*, 2021 IL App (1st) 181737, ¶¶ 39-44. The Fourth District in *Pacheco* expressly rejected the same argument petitioner makes here: "The Supreme Court did not hold in *Roper*, *Graham*, or *Miller* the eighth amendment prohibits a juvenile defendant from being subject to the same mandatory minimum sentence as an adult, unless the mandatory minimum sentence was death or life in prison without the possibility of parole." *Pacheco*, 2013 IL App (4th) 110409, ¶ 58, quoted in *Johnson*, 2020 IL App (2d) 170646, ¶ 13. Petitioner was not sentenced to life in prison without the possibility of parole. Rather, he was sentenced to one year more than the statutory 20-year minimum for first degree murder. Accordingly, petitioner's sentence does not fall under the protections of *Miller*. See *Johnson*, 2020 IL App (2d) 170646, ¶ 13 (the defendant's 27-year sentence for murder does not fall under the protections of *Miller*).

¶ 22       Recently in *Brakes*, 2021 IL App (1st) 181737, ¶¶ 40-41, we expressed our agreement with the Fourth District in *Pacheco*. In *Brakes*, we found the reasoning in *Othman I* unpersuasive even if it survived our supreme court's supervisory order. *Id.* We also noted the analysis in

*Othman I* was *dicta* because the court there found the defendant's 55-year sentence substantively unconstitutional under the proportionate penalties clause. *Id.* (citing *Othman I*, 2019 IL App (1st) 150823, ¶¶ 77-86). Thus, further analysis of the constitutionality of the truth-in-sentencing statute was not necessary to its judgment. *Id.* ¶ 41. In rejecting the defendant's as-applied challenge to the truth-in-sentencing statute, we further observed that our supreme court's decision in *Dorsey* effectively overruled the reasoning in *Othman I. Id.* ¶ 42. We reasoned that *Dorsey* shifts the focus of the inquiry from the sentenced imposed to the actual time a defendant must serve. *Id.* "In other words, a juvenile defendant's sentence (whether served at 100%, 85%, or 50%) may be subject to a constitutional challenge only if it will keep the juvenile in prison for more than 40 years." *Id.* (citing *Dorsey*, 2021 IL 123010, ¶ 64 (relying on *Buffer*, 2019 IL 122327)).

¶ 23    Here, petitioner's 21-year sentence served at 100% does not violate the eighth amendment to the constitution because it will not keep him in prison for more than 40 years. "Nothing requires the General Assembly to guarantee an opportunity for release before 40 years." *Brakes*, 2021 IL App (1st) 181737, ¶ 4 (citing *Dorsey*, 2021 IL 123010, ¶¶ 52-53). In finding that petitioner's eighth amendment claim based on *Miller* fails, we express no opinion on the substantive reasonableness of his 21-year sentence under the proportionate penalties clause because petitioner only challenged his sentence as unconstitutional based on the application of the truth-in-sentencing statute. See *id.* ¶ 44 (if the defendant's sentence violates the proportionate penalties clause, it is not because he had to serve part of it at 100%).

¶ 24    Because petitioner's sentencing claim fails as a matter of law, he has failed to make a *prima facie* showing of prejudice, and we affirm  the circuit court's order denying leave to file petitioner's successive postconviction petition. See *Glinsey*, 2021 IL App (1st) 191145, ¶ 35.

¶ 25                                    CONCLUSION

¶ 26          Accordingly, we affirm the circuit court's dismissal order.

¶ 27          Affirmed.