2023 IL App (1st) 210258-U

No. 1-21-0258

Order filed June 30, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 27572 (01) |
| | ) | |
| VICTOR RAMOS, | ) | Honorable |
| | ) | Peggy Chiampas, |
| Defendant-Appellant. | ) | Judge presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Delort and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err when it denied defendant's motion for leave to file a successive postconviction petition because he failed to establish cause for failing to raise the argument in his original postconviction petition.

¶ 2    Defendant Victor Ramos appeals the circuit court's order denying his motion for leave to file a successive postconviction petition. Ramos raises the following issue on appeal: did the circuit court err in denying leave to file a successive postconviction petition where new caselaw concerning juvenile offenders and evolving brain science establish cause and prejudice? Because we conclude that Ramos failed to establish cause, we affirm.

¶ 3                                    BACKGROUND

¶ 4    Victor Ramos was convicted of first-degree murder for the shooting of Francisco Javier Adame. 720 ILCS 5/9-1(A)(1) (West 1998). Ramos was 17 years old at the time of the shooting. Ramos and Adame belonged to rival gangs in the middle of a "war." Driving a car, Ramos extended his arm out the window, shot Adame five or six times, and then fled the scene.

¶ 5    After an investigation, police arrested Ramos. Three witnesses testified at trial that they had an adequate opportunity to view Ramos and positively identified him as the shooter in a lineup. The jury found Ramos guilty of first-degree murder. At sentencing, the judge considered Ramos's lack of prior criminal history, academic record, familial relationships, and rehabilitative potential. The circuit court sentenced Ramos to 28 years in prison, and we affirmed. *People v. Ramos*, 324 Ill. App. 3d 1136 (2001) (table) (unpublished order under Supreme Court Rule 23). Ramos sought leave to appeal to the Illinois Supreme Court, which was denied. *People v. Ramos*, 197 Ill. 2d 578 (2001).

¶ 6    Ramos filed a postconviction petition alleging he was denied a fair trial, his sentence was excessive, he received ineffective counsel, he was innocent, and witnesses gave falsified testimony. The circuit court dismissed the petition, and we affirmed. *People v. Ramos*, No. 1-07-2514 (2009) (unpublished order under Illinois Supreme Court Rule 23). The supreme court denied Ramos's leave to appeal. *People v. Ramos*, 234 Ill. 2d 544 (2009).

¶ 7    Ramos next filed a petition for injunctive relief, claiming that the truth-in-sentencing statute was unconstitutional. 730 ILCS 5/3-6-3 (West 2008). The circuit court denied Ramos's request for relief, and we affirmed. *People v. Ramos*, No. 1-10-0911 (2011) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8    In this latest case, Ramos sought leave to file a successive postconviction petition, arguing that a new substantive rule was not available when he previously filed his initial postconviction petition. The circuit court denied leave to file the petition. We allowed a late notice of appeal, and this appeal followed. Ill. S. Ct. R. 651(a) (eff. July 1, 2017).

¶ 9                                    ANALYSIS

¶ 10    Ramos argues that the circuit court erred in denying his motion for leave to file a successive postconviction petition because he established cause and prejudice by alleging that the truth-in-sentencing statute violated the eight amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The State argues that because the case on which Ramos primarily relies, *People v. Othman*, was vacated in part, there is no legal basis for his constitutional challenge. 2019 IL App (1st) 150823, *vacated in part by People v. Appellate Court, First District*, No. 125580 (Ill. Jan. 9, 2020) (supervisory order). We review the circuit court's denial of leave to file a successive postconviction petition *de novo*. *People v. Maclin*, 2021 IL App (1st) 172254, ¶ 13.

¶ 11    The Post-Conviction Hearing Act contemplates the filing of one petition without leave of court. 725 ILCS 5/122-1(f) (West 2020). Thus, any claim not raised in an original or amended petition is waived. *People v. Sanders*, 2016 IL 118123, ¶ 24. However, a petitioner may obtain leave to file a successive petition by establishing cause and prejudice. *People v. Johnson*, 2020 IL App (2d) 170646, ¶ 8. Cause is an objective factor that impeded a petitioner's ability to raise a claim in the initial postconviction proceedings. *Id.* (citing 725 ILCS 5/122-1(f)(1)). Prejudice requires showing " 'the claim not raised during his or her initial postconviction proceedings so infected the trial that the resulting conviction or sentence violated due process.' " *Johnson*, 2020

IL App (2d) 170646, ¶ 8 (citing 725 ILCS 5/122-1(f)(2)).

¶ 12    Ramos argues that he established cause under *Othman*: the truth-in-sentencing statute violates the eighth amendment because it denies juvenile defendants the opportunity to demonstrate rehabilitation and parole at some point during their sentence. *Othman*, 2019 IL App (1st) 150823, ¶ 92. The truth-in-sentencing statute requires individuals serving a term of imprisonment for first-degree murder to serve 100% of their sentence. 730 ILCS 5/3-6-3(a)(2)(i).

¶ 13    Our supreme court has since vacated the portion of the *Othman* decision on which Ramos relies, therefore it has no precedential value. See *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 66 (2006) ("The appellate decision *** upon which plaintiffs rely, was vacated by this court in [citation] and, as such, carries no precedential weight."). Because *Othman* was vacated, there is no new substantive rule to assert.

¶ 14    Moreover, while Ramos argues that the truth-in-sentencing statute, as applied to him, prevents him from obtaining an early release based on rehabilitation, in violation of the principles in *Miller v. Alabama*, 567 U.S. 460 (2012), we note that this court has rejected similar challenges. See *People v. Brakes*, 2021 IL App (1st) 181737, ¶ 42 (citing *People v. Dorsey*, 2021 IL 123010) ("[A] juvenile defendant's sentence (whether served at 100%, 85%, or 50%) may be subject to a constitutional challenge only if it will keep the juvenile in prison for more than 40 years.").

¶ 15    Ramos contends the *Othman* rationale is still sound and that courts must consider the rehabilitation potential of the juvenile offender. A month after *Othman* was decided, our supreme court held that "a prison sentence of 40 years or less imposed on a juvenile offender provides some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," as required under *Miller*, *Graham v. Florida*, and their progeny. *People v. Buffer*, 2019 IL 122327,

¶ 41 (citing *Miller*, 567 U.S. 460 (2012) and *Graham v. Florida*, 560 U.S. 48 (2010). Therefore, Ramos's 28-year sentence inherently provides a meaningful opportunity to obtain release based on rehabilitation by virtue of being less than a 40-year sentence. Further, it is evident from the record that the trial judge considered Ramos's rehabilitation potential at sentencing:

> "[T]his is not the end of your life. You have a life. You can turn it around. I've seen in other cases where young guys have made mistakes in the early lifetime of a serious nature like this and they matured and come out and had a useful and productive life. You're going to complete your sentence when you are still a relatively young man and you can still accomplish the goals that a young man wants to accomplish, raise a family, acquire some assets, have a job. And you can still accomplish all that. So the way to do it is establish short term goals and that way you'll establish some long term goals. I would encourage you to do that."

Ramos's rehabilitation potential was certainly considered during his sentencing, and Ramos's 28-year sentence does not deny him the opportunity to demonstrate rehabilitation.[1]

¶ 16                                     CONCLUSION

¶ 17    The judgment of the circuit court is affirmed.

¶ 18    Affirmed.

---

[1] Ramos also argues that his sentence violates the proportionate penalties clause for the same reasons, but he failed to include the claim in his successive postconviction petition. As such, the argument is forfeited. *Dorsey*, 2021 IL 123010, ¶¶ 70-72; *People v. Jones*, 213 Ill. 2d 498, 507-08 (2004) (an issue not raised in a postconviction petition is forfeited and cannot be raised on appeal).