NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241497-U

NO. 4-24-1497

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 22, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| CORY L. RICHARDSON, | ) | No. 11CF294 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Lannerd and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirmed the trial court's dismissal of defendant's *pro se* petition for relief from judgment, as the appeal presents no potentially meritorious issue for review.

¶ 2   Defendant, Cory L. Richardson, appeals the trial court's dismissal of his *pro se* petition for relief from judgment. This court appointed the Office of the State Appellate Defender (OSAD) to represent defendant. OSAD moved to withdraw as counsel, claiming defendant's appeal presents no potentially meritorious issues for review. We grant the motion and affirm the court's judgment.

¶ 3                                I. BACKGROUND

¶ 4   On February 23, 2011, defendant was charged by indictment with four counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(3) (West 2010)), two counts of home invasion (*id.*

§§ 5/12-11(a)(2), (a)(5)), and two counts of armed robbery (*id.* §§ 5/18-2(a)(2), (a)(4)). The charges were based on allegations that on December 30, 2010, defendant shot and killed Eric Johnson while inside Johnson's home.

¶ 5        On October 10, 2013, defendant pleaded guilty to one count of first degree murder pursuant to a plea agreement. Per the agreement, defendant would receive a sentence of 32 years' imprisonment, and the remaining counts would be dismissed. Defendant was advised his sentence would be "served at 100 percent" pursuant to the truth in sentencing statute, section 3-6-3(a)(2)(i) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(2)(i) (West 2012)). The trial court accepted defendant's guilty plea and sentenced him to 32 years' imprisonment in accordance with the plea agreement. Defendant filed no motion to withdraw his guilty plea, and he did not appeal his conviction or sentence.

¶ 6        On July 12, 2017, defendant filed a *pro se* postconviction petition, and he was subsequently appointed counsel. On April 9, 2019, defendant, through his counsel, filed an amended postconviction petition and motion to vacate his guilty plea. In that filing, defendant alleged (1) his plea was involuntary, in part, because he was misled by his plea counsel as to the potential penalties he faced, (2) his statutory speedy trial rights had been violated, and (3) plea counsel was ineffective for misleading him as to the potential penalties he faced and failing to seek the dismissal of the indictment on the basis his speedy trial rights had been violated.

¶ 7        On November 8, 2019, the State filed a motion to dismiss defendant's postconviction petition, asserting it was untimely, as defendant pursued no direct appeal but filed the petition more than three years following his conviction. See 725 ILCS 5/122-1(c) (West 2016) (providing if a defendant does not file a direct appeal, a postconviction petition must be filed no later than three years from the date of conviction). The State also argued defendant's claims were

meritless.

¶ 8        On August 7, 2020, the trial court dismissed defendant's postconviction petition, finding it was untimely. Defendant appealed the dismissal, but on January 8, 2021, the appeal was dismissed on his own motion. *People v. Richardson*, No. 2-20-0445 (2021).

¶ 9        On July 19, 2023, defendant filed a *pro se* motion for leave to file a motion to reconsider his sentence. On August 25, 2023, the trial court entered an order stating it lacked jurisdiction to entertain defendant's motion, as it was filed nearly 10 years following defendant's conviction. Defendant appealed this order, and he was appointed counsel. On November 28, 2023, the appeal was dismissed on his counsel's motion. *People v. Richardson*, No. 4-23-0756 (2023).

¶ 10       On October 23, 2023, defendant filed a *pro se* "Petition for Motion to Resentence by the People pursuant to 725 ILCS 5/123(a)." However, on November 30, 2023, the trial court determined it had no jurisdiction to consider the filing and ordered the matter "stricken from the call."

¶ 11       Subsequently, on April 16, 2024, defendant filed a *pro se* handwritten petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West 2024)), followed by a typed version on April 19, 2024. Neither the handwritten nor the typed petition indicated defendant served copies upon the State. Defendant described the typed petition as "[e]ssentially, the same thing" as the handwritten petition. Therein, defendant argued section 3-6-3(a)(2)(i) of the Unified Code, which required him to serve the entirety of his sentence, was " 'Facially Unconstitutional' in its application to" him under the proportionate penalties clause of the Illinois Constitution. See Ill. Const. 1970, art. I § 11 ("All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."). Specifically, defendant argued, because

section 3-6-3(a)(2)(i) required him to serve the entirety of his 32-year prison sentence with "only a minimal amount of programming available to him," he was unlikely to be restored to useful citizenship upon his release, as required by the proportionate penalties clause.

¶ 12     On May 29, 2024, the State filed a motion for an extension of time in which to file a response to defendant's petition for relief from judgment. On June 11, 2024, defendant filed a motion to dismiss the State's motion for an extension of time. A hearing was held on June 11, 2024, during which the State noted it had not been served with defendant's handwritten section 2-1401 petition and was not aware of a typed petition. Over defendant's objection, the trial court granted the State's request for an extension of time.

¶ 13     On August 7, 2024, the State filed a motion to dismiss defendant's petition for relief from judgment. The State argued defendant's petition was untimely under the two-year limitations period of section 2-1401. See 735 ILCS 5/2-1401(c) (West 2024) (providing a petition for relief from judgment "must be filed not later than 2 years after the entry of the order or judgment"). The State acknowledged an exception to the timing requirement existed when a petition challenged a void judgment. However, the State argued no such exception applied to defendant's untimely filing because the judgment against him was not void. Specifically, the State noted section 3-6-3(a)(2)(i) of the Unified Code had been found facially constitutional in cases like *People v. Johnson*, 2020 IL App (2d) 170646, ¶ 10, such that defendant could not claim the judgment against him was based on a statute that was void *ab initio* and, therefore, void itself. The State further argued, to the extent defendant claimed section 3-6-3(a)(2)(i) was unconstitutional as applied to him, that argument was forfeited by his failure to timely raise it within two years of the judgment against him, as required by section 2-1401 of the Procedure Code. Finally, the State asserted defendant waived any as-applied challenge by opting to plead guilty.

¶ 14    At a status hearing on August 12, 2024, defendant informed the trial court he had not yet received the State's motion to dismiss. The State noted defendant "may not have gotten it yet" because it had only been filed the prior week. The court asked defendant whether he wanted "a date in approximately 30 days, at which time you can tell me how much time you need" to respond to the motion to dismiss. Defendant responded he did not intend to file a response. Thereafter, the court set a hearing on the State's motion to dismiss for September 23, 2024.

¶ 15    Defendant filed no response to the State's motion to dismiss, and the hearing on the State's motion commenced on September 23, 2024. At the hearing, defendant argued section 3-6-3(a)(2)(i) of the Unified Code, under which his "judgment and plea were imposed," was "facially unconstitutional *ab initio* and as applied," such that his sentence was void. In response, the State reiterated defendant's challenge was untimely and further argued no exception to the time limitation applied because (1) section 3-6-3(a)(2)(i) was not facially unconstitutional and (2) defendant's conclusory assertion the statute was unconstitutional as applied to him was insufficient to raise an as-applied challenge.

¶ 16    On November 22, 2024, the trial court granted the State's motion to dismiss. The court concluded defendant's petition for relief from judgment was untimely under section 2-1401 of the Procedure Code. The court further concluded no exception to the timing requirement applied because section 3-6-3(a)(2)(i) of the Unified Code was not void *ab initio*, as the statute had repeatedly been held to be constitutional and defendant forfeited any as-applied challenge by failing to raise one within the two-year limitations period of section 2-1401.

¶ 17    This appeal followed.

¶ 18                                      II. ANALYSIS

¶ 19    This court appointed OSAD to represent defendant on appeal on November 25,

2024. On April 11, 2025, OSAD filed a motion for leave to withdraw as defendant's counsel, citing *People v. Kuehner*, 2015 IL 117695, ¶ 15, and *People v. Meeks*, 2016 IL App (2d) 140509, ¶ 8, and attached a supporting memorandum of law. In his motion, defendant's counsel asserted he (1) read the record on appeal, (2) reviewed the facts and applicable law, and (3) discussed the case with another attorney. Counsel concluded an appeal in this case would be without arguable merit. Counsel mailed a copy of his motion to withdraw to defendant and informed defendant by phone and by letter that the case was without merit. Defendant was informed he could respond to the motion, but no response has been received by the appellate court.

¶ 20                    A. Whether the Trial Court Erred in Appointing OSAD

¶ 21            Initially, OSAD draws our attention to *People v. Buchanan*, 2019 IL App (2d) 180194, ¶ 5. In *Buchanan*, the appellate court granted OSAD's motion to withdraw as counsel and affirmed the trial court's dismissal of the defendant's petition under section 2-1401 of the Procedure Code. *Id.* ¶¶ 5-6. OSAD notes, in doing so, two members of the appellate court panel added, in *dicta*, OSAD should have sought to withdraw on the basis the trial court lacked the authority to appoint it to represent the defendant in a civil proceeding under section 2-1401. *Id.* ¶ 5. OSAD clarifies, however, it does not seek to withdraw here on the ground the trial court lacked authority to appoint it to represent defendant in this appeal. Instead, OSAD notes it moves to withdraw on the basis defendant's petition for relief from judgment lacks arguable merit. Thus, because OSAD does not seek to withdraw on the ground outlined in *Buchanan*, we will not address that basis for withdrawal. See, *e.g.*, *People v. Smith*, 2023 IL App (4th) 220943-U, ¶ 15.

¶ 22            B. Whether the Trial Court Erred in Dismissing Defendant's Petition as Untimely

¶ 23            OSAD contends no meritorious argument can be made the trial court erred in dismissing defendant's section 2-1401 petition as untimely because the petition was filed more

than two years after the judgment was entered against defendant.

¶ 24    Section 2-1401 provides a procedure for seeking relief from judgments more than 30 days after their entry. 735 ILCS 5/2-1401 (West 2024); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). A petition under section 2-1401 is the manner by which to correct errors of fact in the prosecution of a case that were unknown to the petitioner and the court at the time the judgment was rendered and which, had those facts been known, would have prevented the entry of the judgment. *People v. Pinkonsly*, 207 Ill. 2d 555, 566 (2003). Generally, a section 2-1401 petition must be filed within two years of the entry of judgment (735 ILCS 5/2-1401(c) (West 2024)), and if a petition is filed beyond that time, it cannot be considered (*People v. Caballero*, 179 Ill. 2d 205, 210 (1997)). Despite this general rule, an untimely section 2-1401 petition "may be considered if the record conclusively shows that the person seeking relief is under legal disability or duress, the grounds for relief are fraudulently concealed, or the order is void." *People v. Walker*, 2018 IL App (3d) 150527, ¶ 32. A judgment is considered void when either the court that entered the judgment lacked personal or subject matter jurisdiction or where the judgment was based on a statute that was facially unconstitutional, and therefore, void *ab initio*. *People v. Price*, 2016 IL 118613, ¶ 31. We review the dismissal of a section 2-1401 petition *de novo*. *Vincent*, 226 Ill. 2d at 18.

¶ 25    In his section 2-1401 petition, defendant argued the judgment against him was void because section 3-6-3(a)(2)(i) of the Unified Code, which mandated him to serve the entirety of his 32-year prison sentence, was " 'Facially Unconstitutional' in its application to" him pursuant to the proportionate penalties clause and, therefore, void *ab initio*. OSAD, however, contends section 3-6-3(a)(2)(i) is not facially unconstitutional, and therefore, the judgment against defendant was not void *ab initio*. Counsel thus argues defendant cannot avail himself of the exception to the two-year timing requirement of section 2-1401 applicable to void judgments, and as a result, no

colorable argument can be made the trial court erred in dismissing defendant's untimely petition.

¶ 26       All statutes are presumed to be constitutional, and we must construe a statute in such manner as will uphold its constitutionality where possible. *People v. Huff*, 2025 IL App (4th) 240762, ¶¶ 14-15. A statute that is void *ab initio* is one that was "constitutionally infirm from the moment of its enactment and, therefore, is unenforceable." *People v. Davis*, 2014 IL 115595, ¶ 25. A statute is facially unconstitutional only where there are no circumstances in which the statute could be applied validly. *Id.* As a result, even if a statute could be considered unconstitutional under a particular set of circumstances, this does not necessarily establish the facial invalidity of the statute. *Id.* Rather, a facial challenge must fail if any circumstance exists in which the statute could be applied validly. *Id.*

¶ 27       We find *Johnson* and *People v. Gorgis*, 337 Ill. App. 3d 960 (2003), instructive. In *Johnson*, the defendant was convicted of first degree murder and sentenced to 27 years' imprisonment. *Johnson*, 2020 IL App (2d) 170646, ¶ 3. On appeal, the defendant argued section 3-6-3(a)(2)(i) of the Unified Code facially violated, *inter alia*, the proportionate penalties clause of the Illinois Constitution because the statute required him to serve the entirety of his sentence without the possibility of parole. *Id.* ¶ 7. The appellate court rejected the defendant's argument. Citing *People v. Patterson*, 2014 IL 115102, ¶¶ 107-10, and *Gorgis*, 337 Ill. App. 3d at 975, the court explained, "Courts have held that the truth in sentencing statute can be constitutionally applied under some circumstances." *Johnson*, 2020 IL App (2d) 170646, ¶ 10. Thus, the court concluded because a statute is facially unconstitutional only when there exist no circumstances in which it could be applied validly, "the defendant's argument that section 3-6-3(a)(2)(i) of the [Unified Code] is facially unconstitutional necessarily fail[ed]." *Id.*; see *People v. Washington*, 2021 IL App (4th) 200196, ¶¶ 49, 53 (concluding the defendant's 32-year prison sentence for

murder pursuant to section 3-6-3(a)(2)(i) did not violate the proportionate penalties clause and noting such a sentence was "entirely appropriate").

¶ 28        Similarly, in *Gorgis*, the defendant was convicted of, *inter alia*, first degree murder and sentenced to 40 years' imprisonment. *Gorgis*, 337 Ill. App. 3d at 962-63. On appeal, the defendant argued, in part, section 3-6-3(a)(2)(i) violated the proportionate penalties clause because the prohibition against first degree murder defendants from receiving " 'good conduct credit' " defeated the goal of prisoner rehabilitation by depriving such defendants of any incentive to rehabilitate themselves. *Id.* at 974. The court rejected this argument, concluding section 3-6-3(a)(2)(i) was "constitutionally permissible" as "[f]irst degree murder is the most serious offense that can be committed, and it [was] therefore reasonable that the penalty for it also be severe." *Id.* at 975. As such, the court determined the statute was "reasonably designed to remedy the evil of murderers not serving their complete sentences." *Id.*; see *People v. Hill*, 2022 Il App (2d) 200416, ¶¶ 26-27 (concluding section 3-6-3(a)(2)(i) did not violate the proportionate penalties clause where the statute operated to require the juvenile defendant to serve the entirety of his 40-year prison sentence for first degree murder).

¶ 29        In his petition, defendant raised substantially the same argument regarding the constitutionality of section 3-6-3(a)(2)(i) of the Unified Code as the defendants in *Johnson* and *Gorgis*. However, because those cases determined there were circumstances in which section 3-6-3(a)(2)(i) could be applied validly, defendant necessarily cannot establish the statute was facially unconstitutional. As a result, no colorable argument can be presented that the judgment entered against defendant was void because defendant cannot show section 3-6-3(a)(2)(i) was void *ab initio*. Consequently, we conclude no meritorious argument can be raised the trial court erred in denying defendant's petition for relief from judgment as untimely. Defendant did not file his

petition until April 2024, over 10 years after the judgment was entered against him in October 2013 and well beyond the two-year period within which to file such a petition under section 2-1401. Because the judgment against defendant was not void, he cannot avail himself of the exception to the two-year limitations period pertaining to void judgments.

¶ 30    We further note that, to the extent defendant attempted to raise an as-applied challenge to section 3-6-3(a)(2)(i) as a challenge to a void judgment for purposes of section 2-1401, still no colorable argument can be made the trial court erred in dismissing his petition as untimely. While both facial and as-applied constitutional challenges address constitutional infirmities, "they are not interchangeable." *People v. Thompson*, 2015 IL 118151, ¶ 36. A facial challenge requires a showing that a statute is unconstitutional under any set of facts, but an as-applied challenge requires a showing that the statute violates the constitution "as it applies to the facts and circumstances of the challenging party." *Id.* Thus, because facial and as-applied challenges "are distinct actions," they are treated "differently for purposes of section 2-1401." *Id.* ¶ 37. Of particular relevance here, an as-applied challenge is not one that is recognized as "being exempt from the typical rules of forfeiture and procedural bars in section 2-1401 of the [Procedure] Code." *Id.* ¶ 39. Moreover, "the void *ab initio* doctrine does *not* apply to an as-applied constitutional challenge." (Emphasis in original.) *Id.* ¶ 32.

¶ 31    Here, to the extent defendant sought to raise an as-applied challenge in his petition for relief from judgment, he forfeited that issue because he did not raise it within the two-year limitations period set forth in section 2-1401 of the Procedure Code. See *id.* ¶¶ 30, 39; see also *People v. Williams*, 2014 IL App (1st) 1120796, ¶¶ 16, 29 (declining to address the defendant's as-applied constitutional challenge where his section 2-1401 petition was not filed within the two-year limitations period). In any event, even if his as-applied challenge *was* timely raised, such a

claim could not establish section 3-6-3(a)(2)(i) was void *ab initio* since the void *ab initio* doctrine does not apply to as-applied challenges. *Thompson*, 2015 IL 118151, ¶ 32. Defendant, therefore, would be unable to avail himself of the exception for untimely section 2-1401 petitions relating to void orders.

¶ 32    Because defendant did not file his petition for relief from judgment within the two-year limitations period required by section 2-1401 of the Procedure Code, and because the void order exception cannot excuse his untimely filing, we agree with OSAD that no meritorious argument can be raised that the trial court erroneously dismissed his petition as untimely.

¶ 33    C. Whether the Trial Court Failed to Comply With the Procedural Requirements of Section 2-1401 of the Procedure Code.

¶ 34    OSAD also argues no colorable argument can be raised on appeal that the trial court failed to comply with the procedural requirements of section 2-1401 in dismissing defendant's appeal.

¶ 35    A section 2-1401 petitioner must give the opposing party notice that a petition has been filed. *People v. Matthews*, 2016 IL 118114, ¶ 8. The opposing party then has 30 days within which to answer the petition, move to dismiss it, or opt to file nothing. *Id.* If the opposing party files a motion to dismiss the petitioner's section 2-1401 petition, the petitioner must be given notice and an opportunity to respond. *People v. Stoecker*, 2020 IL 124807, ¶¶ 20-21. If the opposing party fails to respond, that party waives any question as to the petition's sufficiency, and the petition is treated as properly stating a cause of action. *Matthews*, 2016 IL 118114, ¶ 8. The trial court can *sua sponte* dismiss a petition absent a responsive pleading if the petition is deficient as a matter of law, but it may not do so before the 30-day response period expires. *Id.* We review the dismissal of a section 2-1401 petition *de novo*. *Vincent*, 226 Ill. 2d at 18.

¶ 36　　　　　Here, defendant filed his handwritten petition for relief from judgment on April 16, 2024, and subsequently filed a typed version on April 19, 2024. Because defendant did not properly serve the State with either motion, the trial court granted an extension of time to allow the State to respond to the petition. The State filed its motion to dismiss on August 7, 2024, and although defendant informed the court on August 12, 2024, he did not intend to file a response to the State's motion, the court did not set a hearing on the motion until September 23, 2024. Following the hearing, the court dismissed defendant's section 2-1401 petition on November 22, 2024.

¶ 37　　　　　Given the foregoing, we agree no colorable argument can be made the trial court failed to comply with the procedural requirements of section 2-1401. The court's dismissal of defendant's section 2-1401 petition occurred in response to the State's motion to dismiss approximately seven months after the filing of the petition. As a result, the court did not *sua sponte* dismiss the petition, let alone dismiss it before the 30-day response period expired. Additionally, although defendant represented to the court on August 12, 2024, he did not intend to file a response to the motion to dismiss, the court nevertheless gave defendant an ample opportunity to respond if he chose to do so, setting the hearing on the motion for September 23, 2024, or more than a month later. Ultimately, defendant opted not to file a written response, but he nevertheless had the opportunity to orally respond at the September 23, 2024, hearing. Only after considering the parties' arguments did the court dismiss defendant's petition on November 22, 2024.

¶ 38　　　　　Accordingly, we agree with OSAD that no meritorious argument can be raised on appeal that the trial court failed to comply with the procedural requirements of section 2-1401 in dismissing defendant's petition.

¶ 39　　　　　　　　　　　　　　III. CONCLUSION

¶ 40　　　　　For the foregoing reasons, we grant OSAD's motion to withdraw and affirm the

trial court's judgment.

¶ 41          Affirmed.